**PARK MOTOR MART, INC. et al.,
Plaintiffs, Appellants,**

v.

**FORD MOTOR COMPANY et al.,
Defendants, Appellees.**

No. 79–1514.

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1979.

Decided March 11, 1980.

Christopher A. Moen, Jr., with whom Lawrence P. Mahoney, Portland, Maine, was on brief, for appellants.

Roger A. Putnam, Portland, Maine, with whom Robert A. Moore and Verrill & Dana, Portland, Maine, were on brief, for appellees.

Before ALDRICH and BOWNES, Circuit Judges, PETTINE, District Judge.*

ALDRICH, Senior Circuit Judge.

This action by Park Motor Mart, Inc. *et al.* against Ford Motor Company *et al.*, claiming breach of fiduciary duty, was brought in the Maine Superior Court and removed to the District Court on the ground of diversity of citizenship. Park was a Ford dealer, operating under a franchise agreement with Ford which gave Ford full access to Park's financial figures. The contract contained provisions with respect to the confidentiality of this financial information. The complaint alleges that in May 1977 Ford, as a result of an audit, "altered its relationship with Park;" that Ford knew that public knowledge of this fact "would prove disasterous to the continued conduct of the Plaintiff's business;" that under the agreement this information should have been kept confidential, but was, together with "the details of [other] problems which existed between Park . . . and Ford," disclosed by an official of Ford to a female companion, who caused the information to be spread throughout the community, to the damage of Park's "business, its reputation, and its ability to continue operating as a going concern." Ford denied these allega-

* Sitting by designation.

tions but, after a number of depositions had been taken, moved for summary judgment on the ground that its alleged disclosure was not in violation of the dealership agreement.

The court referred this motion to a magistrate who, after a hearing, made findings and a recommendation ending as follows.

> Park . . . appears to urge that a duty of confidentiality as to Ford audits of dealers should be implied into the agreement. The legal basis for such a duty is nowhere explicated. Park has filed no memorandum in opposition to Ford's motion, in violation of Local Rule 19(b), and not a shred of authority has been presented to the Court to support Park's theory.
>
> Because plaintiff has failed to state a claim upon which relief can be granted, [the complaint] should be dismissed.

The magistrate's recommendation was filed August 2, 1979. On September 5, nothing further having been filed, the court entered an order which, after referring to the magistrate's report and recommendation and noting that no party had "filed any objection to the Magistrate's report and recommendation, *see* 28 U.S.C. § 636(b)(1); Local Rule 7(c)," approved the recommendation and dismissed the action. Plaintiffs appealed. Defendants move to dismiss the appeal because of plaintiffs' "failure to make any objection to the Recommended Decision on Defendants' Motion for Summary Judgment."

Under the Federal Magistrates Act, 28 U.S.C. § 636 (Jurisdiction, powers, and temporary assignment), various matters may be assigned to magistrates, with differing consequences. Under subsection (b)(1)(A) certain pretrial matters may be decided without further reference to the district judge, but the judge "may reconsider . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Under subsection (b)(1)(B) other matters, such as motions for summary judgment, may be referred, but as to these the magistrate's duty is "to submit . . . proposed findings of fact and recommendations for the disposition, by a judge . . ." The Act further provides,

> (C) [T]he magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within ten days after being served with a copy, any party *may serve and file written objections* to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. (Emphasis suppl.)

Basically, the dispute between the parties centers upon the effect of the phrase "may serve and file written objections." Defendants assert that a party may decide not to file, but that filing is obligatory if he is dissatisfied. Plaintiffs' position is that the district court has a duty to review the magistrate's recommendations in any event, and that the losing party need file objections only if he wishes a hearing.

Although the court cited its Local Rule 7(c), this rule is of no assistance. Other than referring to the statute itself, it is limited to "appeal[s]" from orders under subsection (b)(1)(A). We turn, accordingly, to the statute.

There are three possible areas of consideration: the statutory language, the statutory purpose, and the legislative history. First, plaintiffs point to the provision that "[w]ithin ten days . . . any party may . . . file written objections," and would distinguish "may" from "shall." However, while "may" need not mean "shall" with respect to filing at all, clearly it must mean "shall" with respect to the ten day time limit; it cannot be thought that there is an option to file later. We see in this sentence no carry-over implication of substantive rights if objections are not filed within the ten days.

Next, and most important, we see in the succeeding sentence, which states that "the court shall make a de novo determination"

with respect to matters "to which objection, is made," no implication that the court must also do so with respect to matters to which objection is *not* made. Applying the basic principle that, presumably, there is some purpose for all language used, there could be no reason for mandating a redetermination when objections are filed if the court had to do so whether objections were filed or not. This seems a typical case of *expressio unius est exclusio alterius*. *See United States v. MBTA*, 614 F.2d 27, 1 Cir., 1980.

Neither can it be said that if objection is made there will be a redetermination de novo, but if none is made there should still be a review, but of a lesser character. A lesser standard of review, "clearly erroneous or contrary to law," is explicitly provided for in subsection (b)(1)(A) cases. *See* ante. The absence of such a provision here seems a speaking silence.

Turning to the general purpose of the statute, we see no reason for implying an obligation to review when a review has not been requested. The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work. Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the court, if requested, of matters falling within subsection (b)(1)(B). To require it if not requested would defeat the main purpose of the Act.[1] It is not burdensome on the parties to require such a request. We conclude that a party "may" file objections within ten days or he may not, as he chooses, but he "shall" do so if he wishes further consideration.

Finally, we have reviewed the legislative history, but see no point in discussing it in detail. We do not consider a single sentence, contained in a long quotation in 1976 U.S.Code Cong. & Admin.News, pp. 6162, 6163, from *Campbell v. United States Dist. Court*, 9 Cir., 1974, 501 F.2d 196, 206, *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119, "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and de-

cide the motion on the applicable law," as contradicting our conclusions herein. Even if this were to be taken as suggesting that an appeal would lie in case of plain error, we are opposed to the taking of appeals by one who has never stated his position to the district court. The remedy, if any, of a dissatisfied party who failed to object should be by way of a motion for reconsideration disclosing the grounds.

We add that there was, in any event, no plain error in the present case. The appeal is dismissed.

---

1. Nor can it be thought that a party could skip the district court and, in effect, appeal directly to us. We have no jurisdiction to review the determinations of magistrates. *Whitehead v.*

*Califano*, 6 Cir., 1979, 596 F.2d 1315, 1319 n.3; *Sick v. City of Buffalo*, 2 Cir., 1978, 574 F.2d 689; *United States v. Reeds*, 7 Cir., 1977, 552 F.2d 170.