**Richard F. De VINCENT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 84–1435–C.**

United States District Court, D. Massachusetts.

Oct. 4, 1984.

Richard F. DeVincent, pro se.

Martin D. Boudreau, Asst. U.S. Atty., Boston, Mass., for respondent.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

Petitioner, Richard F. DeVincent was convicted after a jury trial of violation of 18 U.S.C. § 892(a) which proscribes conspir-acy to make, and of making, an extortionate means of credit, i.e. "loansharking." He filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate his sentence of eight years in the custody of the Attorney General and a $10,000 fine both imposed on May 7, 1976. His motion is based on two grounds: 1) that he was illegally and unconstitutionally committed because at disposition of the case his sentence was orally announced by the courtroom deputy clerk and not by the presiding judge, and 2) that he was denied effective assistance of counsel because of failure of his counsel to raise the first ground of appeal.

On July 3, 1984 Magistrate DeGiacomo filed a report and recommendation that the petition under § 2255 be summarily dismissed. Although 92 days have elapsed since the filing of the Magistrate's report and recommendation, no objection to his recommendation has been filed as of this date. I rule that because of the failure to object to the recommendation within the 10 days provided by Rule 3(b) of the Rules of United States Magistrates for the United States District Court for the District of Massachusetts, *see Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980), and more importantly because ground one is patently frivolous as is ground two,* which complains about counsel's failure to raise a patently frivolous issue, that the petition under § 2255 should be, and hereby is, dismissed.

---

* The frivolity of this contention is apparent from the fact that a written judgment providing for a sentence identical to that orally announced by the clerk, was signed by the presiding judge.