
**UNITED STATES of America**

v.

**ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, ETC., and One Parcel of Real Property Together with Buildings, Appurtenances, and Improvements Known as Section 28, Block 1, Lot 48.221, etc. Located in the Town of Deer Park, Orange County, New York and One Parcel of Real Property, etc.**

Civ. A. No. 89–0252T.

United States District Court,
D. Rhode Island.

May 18, 1990.

Michael P. Iannotti, for plaintiff.

James O. Drucker, William Murphy, for defendant.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matter has been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. Section 636. Presently before the Court is the motion for change of venue filed by claimant, Elizabeth Czajkowski, pursuant to 28 U.S.C. Section 1404. The facts are as follows.

*Statement of Facts*

The United States filed a complaint for forfeiture in rem in April, 1989. The government alleges that defendant real property is subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6). The complaint avers that defendant real property was purchased with the proceeds of illegal drug transactions by Robert Venezia, currently under indictment in this District on drug charges. Defendant real property is located in Orange County, New York.

Claimant Czajkowski, a resident of New York, alleges that she is the record owner of defendant real property. She moves for change of venue of the instant action from the District of Rhode Island to the Southern District of New York.

*Claimant's Motion for Change of Venue*

Claimant argues that both she and her attorney reside in New York, the property and all records pertaining thereto are located in New York and an important witness, the seller of the property, resides in New York. She states that the indictment against Robert Venezia has been transferred to New York. She also asserts the greatly increased cost of litigating the instant action in this District. Claimant urges transfer to the Southern District of New York, pursuant to 28 U.S.C. Section 1404(a), for claimant's convenience and in the interests of justice.

*The United States' Objection to Claimant's Motion for Change of Venue*

The United States asserts that venue is proper in this District pursuant to 21 U.S.C. Section 881(j). The government states that all of its witnesses are located in Rhode Island. The United States argues that this Court should deny the instant motion for change of venue because it will merely shift the inconvenience from the claimant to the plaintiff. The government notes that claimant's witness can be subpoenaed and deposed in New York and that this deposition can be admitted as evidence if he is later unavailable for service of process. For these reasons, the United States urges that its choice of forum be granted deference.

*Discussion*

The applicable venue statute reads:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. Section 1404(a).

■ The great weight of authority is that "the plaintiff's forum choice is generally preferred, unless there is a strong balance favoring the defendant's alternative forum choice." *S.W. Industries, Inc. v. Aetna Casualty & Surety Co.*, 653 F.Supp. 631, 637 (D.R.I.1987). The moving party has the burden of proving that the interests of convenience and justice demand transfer from one federal district court to another. *Leesona v. Duplan Corporation*, 317 F.Supp. 290, 296 (D.R.I.1970) (citing Moore's *Federal Practice and Procedure*).

■ I find that the instant action should be transferred to the Southern District of New York. My reasoning is as follows.

Claimant resides in New York. She is represented in this action by both her New York attorney and Rhode Island local counsel. Claimant asserts the greatly increased cost of litigating the instant action in this District. She submits that the property and all records pertaining thereto are located in New York. Claimant notes that an important witness, the seller of the property, resides in New York. She also states that the indictment against Robert Venezia has been transferred to New York. The United States contends that all of its witnesses are located in Rhode Island. However, in its argument, the government does not state who its witnesses are and why they cannot testify in New York.

Given these facts, I find that it is more convenient for claimant to litigate her claim in New York and less burdensome for the United States to litigate the instant forfeiture action in New York. Thus, in the interests of justice, the instant action should be transferred to the Southern District of New York.

A Magistrate's Findings and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Report must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Fed.R. Civ.P. Failure to timely file specific objections to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *U.S. v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

■ A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988).

*Recommendation*

The instant motion for change of venue filed by claimant Czajkowski should be granted. The instant action should be transferred to the Southern District of New York. I so recommend to the Court.