**SUNBEAM CORPORATION**

v.

**BLACK & DECKER (U.S.) INC.**

**Civ. A. No. 92–0096B.**

United States District Court,
D. Rhode Island.

March 30, 1993.

---

Gordon P. Cleary, George M. Vetter, Jr., Vetter & White, Providence, RI, Ann G. Kayman, Marks & Murase, New York City, George T. Marcou, Ronald P. Kananen, Richard Linn, Marks & Murase, Washington, DC, for plaintiff Sunbeam Corporation.

Joseph V. Cavanagh, Jr., Blish & Cavanagh, Providence, RI, Thomas V. Heyman, Claire Ann Koegler, Jones, Day, Reavis & Pogue, New York City, for Hamilton Beach/Proctor–Silex, Inc.

Timothy J. Haller, Raymond P. Niro, Niro, Scavone, Haller & Niro, Chicago, IL, Mark A. Pogue, Edwards & Angell, Providence, RI, for Black & Decker, (U.S.) Inc.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Defendant, Black & Decker (U.S.) Inc. ("Black & Decker"), has filed a motion for contempt and for sanctions against plaintiff Sunbeam Corporation ("Sunbeam") pursuant to F.R.Civ.P. 37(b)(2). Defendant seeks an order from the district court dismissing Sunbeam's complaint or, in the alternative, an order awarding defendant its costs and attorney fees "in connection with its efforts to obtain testimony concerning the scope of the claims", prohibiting Sunbeam from calling a certain expert at trial and from offering any evidence at trial concerning the scope of the claims of its patent. This matter has been referred to me for preliminary review, findings and recommended disposition.[1]

### Procedural history

This matter has been consolidated with the case of Sunbeam Corporation v. Hamilton Beach/Proctor–Silex, Inc. ("Hamilton Beach"), C.A. No. 92–0376B. However, the consolidated matter is not involved with Black & Decker's motion and Hamilton Beach has not filed a similar motion or joined in the pending motion.

### Facts of the case

Sunbeam has filed this action seeking damages and injunctive relief against Black &

Decker for patent infringement. The parties attempted to engage in discovery, in particular, depositions, but could not agree on the scheduling or parameters thereof.

On April 13, 1992, Black and Decker issued a notice of deposition to Sunbeam stating that it would depose certain employees of Sunbeam and also requesting Sunbeam designate under F.R.Civ.P. 30(b)(6) a person or persons to testify with respect to certain matters as listed in the deposition notice. In pertinent part, the deposition notice requested Sunbeam designate a person to testify as to the following:

\* \* \* \* \* \*

6. Prior art or potential prior art known to Plaintiff that relates in any way to the patent in suit.

\* \* \* \* \* \*

11. The criteria employed by plaintiff in determining: ...

(b) the scope of each of the claims of the patent in suit.

12. The meaning of the terms used in the patent in suit.

\* \* \* \* \* \*

Sometime much later, Sunbeam designated Professor Arthur I. Larky ("Larky") as the person to testify as to the above-cited matters. The parties still could not agree on a schedule for Larky's deposition and sought a conference with the district court. A hearing was held December 7, 1992 (perhaps another day that should live in infamy) on the agenda of pending discovery and miscellaneous issues and an order was entered which stated in pertinent part:

2. On January 7–8, 1993, Dr. Larky shall appear for the taking of his deposition as a designated witness under Rule 30(b)(6), F.R.C.P., for categories 6, 11(b) and 12 of defendant's deposition notice dated April 13, 1992.

The parties disagreed as to the form of the order but this disagreement did not involve

---

1. 28 U.S.C. § 636(b)(1)(B); *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

the deposition of Dr. Larky. The order was entered by the district court on January 11, 1993 but the parties agree that the portion of the order dealing with the Larky deposition was effective as of December 7, 1992.

On the long awaited day, January 7, 1993, Larky did appear at a neutral site, the Holiday Inn, Bethlehem, Pennsylvania (an occasion substantially less momentous than one occurring long ago at another inn located in a different Bethlehem) and the deposition commenced. Present at the deposition were counsel for Sunbeam and Black & Decker. Dr. Larky declared himself prepared to testify on topics 6, 11(b) and 12. As the deposition continued it became clear that there was a fundamental difference in the interpretation by the parties as to what item 11(b) meant. Sunbeam took the position it meant only that Larky would testify as to the *criteria* employed by Sunbeam to determine the scope of each of the claims of the patent in suit. Black & Decker took the position that it required Larky to testify as to the *scope* of each of the claims or, in other words, to testify as to the "boundaries" of the patent and how Sunbeam determined where the "boundaries" were located and where Black & Decker "trespassed". Since the parties could not agree on a single interpretation of item 11(b), a call was placed to this district court to discuss the correct interpretation. The parties were urged to continue with the deposition and this was done.

The parties agree that the deposition of Dr. Larky took place over a 2 day span, January 7 & 8, 1993, lasted approximately 9 hours and consumed approximately 300 pages of paper. While the parties not surprisingly cannot agree as to whether Larky completely addressed items 6 and 12, Black & Decker at least concedes that those items form no basis for this motion. The contempt and sanctions sought are based solely on what Black & Decker terms Sunbeam's willful or intentional failure to comply with a direct, clear order of this district court—that Dr. Larky testify as to item 11(b).

Black & Decker also takes the position that even if Sunbeam could construe item 11(b) to mean only the *criteria* would be the subject of the deposition (a position which Black & Decker terms "ridiculous" and "ludicrous"), Sunbeam had been fully informed prior to January 7, 1993 by correspondence, pleadings and conversations that Black & Decker would inquire as to the *scope* of the claims. Sunbeam responds by stating it is required to comply with item 11(b) as drafted by Black & Decker and not as greatly expanded by counsel for Black & Decker in subsequent correspondence, pleadings or conversations.

Lastly, Black & Decker argues that Larky was "unprepared" and/or "incompetent" to testify as to the *scope* of the claims and this is equivalent to a willful or intentional disobedience of the clear, explicit order of the district court. Again, Sunbeam's position is that it met the obligations imposed on it by the order in that Dr. Larky testified as to all *criteria*.

*Discussion*

F.R.Civ.P. 37(b)(2) provides in pertinent part:

(b) Failure to Comply with Order.

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\*       \*       \*       \*       \*       \*

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

\* \* \* \* \* \*

Black & Decker has requested the district court grant its motion and dismiss Sunbeam's case. In the alternative, Black & Decker seeks its costs and attorney fees in connection with efforts to obtain testimony as to *scope* as well as a prohibition of any trial testimony from Dr. Larky or any other source as to the *scope* of the claims of Sunbeam's patent.

■ Pursuant to F.R.Civ.P. 37(b)(2), the district court is empowered in appropriate circumstances to order the sanctions requested by Black & Decker. Specifically, the district court may dismiss the entire action or any part thereof and/or may treat the disobedience of its order as a contempt of court and impose appropriate sanctions.

■ Contempt of court can be either criminal or civil. Criminal contempt is used to vindicate the court's authority by punishing for a past violation of a court order. Civil contempt is used to coerce present or future compliance with an order of the court. *In re Kave*, 760 F.2d 343, 351 (1st Cir.1985). Both types of contempt utilize imprisonment and monetary fines. *Id.* In criminal contempt, the sentence is imposed after a typical criminal trial whereas civil contempt results in sanctions to induce the contemnor to purge himself of the contemptuous conduct. *Id.* Also, the court can impose a compensatory fine to make the aggrieved party whole but the fine must be responsive to such party's actual losses and subject to such party prevailing in the underlying controversy. *Id.*

■ To establish contempt, Black & Decker must show by clear and convincing evidence that Sunbeam violated a specific order of the court and failed to achieve substantial and diligent compliance with that order in a meaningful way. In short, there must be lack of substantial compliance. *Langton v. Johnston*, 928 F.2d 1206 (1st Cir.1991); *Palmigiano v. DiPrete*, 700

F.Supp. 1180, 1191 (D.R.I.1988). Any ambiguities or uncertainties in the court order must be read in a light favorable to the person charged with contempt. *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir.1991). Contempt power should not be used where there is uncertainty. *Id.* at 17.

The initial issue becomes whether the order dated January 11, 1993, but effective as of December 7, 1992 as to the deposition of Dr. Larky is specific, clear and certain. And, if so, was there substantial compliance by Sunbeam with that order.

There is no doubt that the order meets all requirements on which a finding of contempt could be based. The particular portion of the order at issue here is absolutely clear and certain as to the scheduling of the deposition, the witness to be deposed and the categories of the deposition notice of April 13, 1992 to be covered. In fact, the witness did appear on the scheduled dates and addressed topics 6, 11(b) and 12 over a 9 hour period covering 2 days and approximately 300 pages.

■ The real issue in this case is whether the April 13, 1992 deposition notice clearly and with certainty identified the areas in which the witness would be questioned. As drafted, item 11(b) does leave open the interpretation that only *criteria* employed by Sunbeam to determine the scope of each patent infringement claim would be inquired into rather than the full *scope* of those claims. While this is a very narrow interpretation of item 11(b) and perhaps overly narrow, I cannot say that this interpretation is "ridiculous" or "ludicrous" as Black & Decker claims.

■ Nevertheless, Black & Decker argues that even if item 11(b) is read as Sunbeam does, Sunbeam was advised in correspondence, pleadings and conversations that Black & Decker expected to inquire into with Dr. Larky the scope of the patent infringement claims. Therefore Sunbeam is open to full sanctions as requested by Black & Decker. Reliance is placed by defendant on *Xaphes v. Merrill Lynch, Pierce, Fenner & Smith*, 102 F.R.D. 545 (D.Me.1984). This reliance is misplaced. In *Xaphes*, an order

was entered requiring defendant to produce certain enumerated documents and to furnish a monthly inventory of other documents so that plaintiff could prepare additional requests to produce. In fact, defendant did not supply any inventory for over 10 months and only after the close of discovery occurred. The court interpreted this conduct to be willful and deliberate noncompliance. The court held defendant in contempt and ordered a sanction of $10,000.00 to be paid into the Registry of Court. Here, there is no willful and deliberate noncompliance by Sunbeam.

Black & Decker also relies on numerous cases supporting sanctions including dismissal of the case where there has been a violation of a clear and certain court order. A violation of a specific court order is a prerequisite to sanctions under F.R.Civ.P. 37(b). *R.W. International Corp. v. Welch Foods, Inc.*, 937 F.2d 11 (1st Cir.1991). The problem with Black & Deckers' motion is that there has been no showing of a violation by Sunbeam of a specific court order. The December 7, 1992 order requires (1) that the deposition will occur on January 7–8, 1993, (2) that the deposition be taken from Dr. Larky as a designated witness under Rule 30(b)(6) and (3) he will offer testimony as to categories 6, 11(b) and 12 of the April 13, 1992 deposition notice. Sunbeam met all of these requirements. The December 7, 1992 order does not interpret category 11(b) and does not answer the question as to whether category 11(b) requires testimony as to *criteria* only or also *scope* of the claims. The prerequisite of a violation of a specific court order is absent and no sanctions may be imposed against Sunbeam for violation of the December 7, 1992 order.

■ However, I believe Sunbeam has interpreted 11(b) far too narrowly given the patent infringement litigation experience of its New York counsel, although Sunbeam's interpretation is not totally without basis. There is no question that the scope of the claims of patent is an essential and fundamental element of the analysis of validity and enforceability in all patent enforcement cases. Black & Decker attempted to obtain and is entitled to that information. Sunbeam's overly narrow interpretation of 11(b) should not be allowed to thwart Black & Decker's efforts. This would be an unjust and unfair result. Consequently I recommend that defendant's motion for contempt and for sanctions under F.R.Civ.P. 37(b)(2) be denied. I also recommend that Sunbeam be ordered to produce, within 14 days of the date hereof, Dr. Larky or that witness who will testify for Sunbeam at trial concerning "the scope of each of the claims of the patent in suit" for deposition by Black & Decker and the deposition be limited to that area of inquiry *only.*

*Conclusion:*

I recommend for the above reasons that Black & Decker's motion for contempt and for sanctions under F.R.Civ.P. 37(b)(2) be denied and that Sunbeam be ordered to produce for deposition within 14 days of the date hereof that witness Sunbeam will offer at trial for testimony on the scope of each of the claims of the patent in suit and the deposition be limited to that area of inquiry *only.*

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.[2] Failure to file specific objections in a timely manner constitutes a waiver of the right of review by the district court.[3]

**2.** Rule 32, Local Rules of Court; Rule 72(b), FRCP.

**3.** *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).