June 27, 1994 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1621

 OSCAR ANIBAL TILLETT,
 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,
 Defendant, Appellee.

 

 ERRATA SHEET

 The opinion of this Court issued on May 24, 1994 is amended
as follows:

 Footnote 1 should read as follows.

 1. We note a problem in the magistrate's report. The final
sentence of the report states that "[f]ailure to file specific
objections in a timely manner constitutes a waiver of the right
to review by the district court." In a footnote, the magistrate
cites Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st
 
Cir. 1980), and United States v. Valencia-Copete, 792 F.2d 4 (1st
 
Cir. 1986). The final sentence in the magistrate's report
accurately states our holding in Park Motor, but does not
 
encompass our holding in Valencia-Copete. In that case, we
 
directed all magistrates to include in their reports a notice
that failure to timely object to a report would waive "the right
to appeal the district court's decision." 792 F.2d at 6
 
(emphasis added). We note that a different Rhode Island
magistrate's report included in the record is similarly
deficient. Accordingly, we remind all magistrates in Rhode
Island that their reports must include the statement that failure
to file specific objections to reports in a timely manner waives
both the right to review by the district court and the right to
appeal the district court's decision.

May 24, 1994
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1621

 OSCAR ANIBAL TILLETT,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]
 

 

 Before

 Torruella, Boudin and Stahl,
 Circuit Judges.
 

 

 Oscar Anibal Tillett on brief pro se.
 
 Edwin J. Gale, United States Attorney, Margaret E. Curran
 
and Kenneth P. Madden, Assistant United States Attorneys, on
 
brief for appellee.

 

 

 - 2 -

 - 2 -

 Per Curiam. Oscar Anibal Tillett appeals the
 

dismissal of his motion under 28 U.S.C. 2255. We affirm. 

 In this case, the magistrate recommended dismissing

Tillett's section 2255 petition on the ground that he had not

excused a double procedural default -- his failure to object

at sentencing to a fine imposed on him by the court and his

failure to appeal his sentence.1 Tillett submitted an

objection to the magistrate's report alleging ineffective

assistance of counsel as cause for his failure to file an

appeal. Tillett said that he had asked his attorney to file

a direct appeal, that his attorney had promised to do so, and

that Tillett later discovered that his attorney had not done

so. The district court accepted the magistrate's report,

without referring specifically to Tillett's objection. 

 

1. We note a problem in the magistrate's report. The final
sentence of the report states that "[f]ailure to file
specific objections in a timely manner constitutes a waiver
of the right to review by the district court." In a
footnote, the magistrate cites Park Motor Mart, Inc. v. Ford
 
Motor Co., 616 F.2d 603 (1st Cir. 1980), and United States v.
 
Valencia-Copete, 792 F.2d 4 (1st Cir. 1986). The final
 
sentence in the magistrate's report accurately states our
holding in Park Motor, but does not encompass our holding in
 
Valencia-Copete. In that case, we directed all magistrates
 
to include in their reports a notice that failure to timely
object to a report would waive "the right to appeal the
 
district court's decision." 792 F.2d at 6 (emphasis added).
 
We note that a different Rhode Island magistrate's report
included in the record is similarly deficient. Accordingly,
we remind all magistrates in Rhode Island that their reports
must include the statement that failure to file specific
objections to reports in a timely manner waives both the
right to review by the district court and the right to appeal
the district court's decision.

 -2-

 On appeal, Tillett has not objected to the court's

failure to address his ineffective assistance of counsel

claim, and he has not presented that claim to us as an

appellate ground for relief. Indeed, his initial appellate

brief says nothing about ineffective assistance of counsel.2

It is well established that arguments not raised in an

initial appellate brief are generally deemed waived. See
 

Playboy Enterprises v. Public Service Commission of Puerto
 

Rico, 906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. 959
 

(1990). 

 We see no reason why we should not follow that

principle here. On this record, it is abundantly clear that

Tillett has long known that he had the right to appeal his

sentence and that it was his failure to appeal that barred

him from obtaining collateral relief. It is also clear that,

before bringing the present appeal, Tillett must have known

 

2. Tillett's reply brief makes only the inconsistent
assertion that his counsel never even told him that he had
the right to appeal his sentence and that he did not know
that he could appeal after having pled guilty. The
sentencing transcript shows that the court itself told
Tillett at sentencing that he had the right to appeal his
sentence, and that counsel would be appointed to represent
him if necessary. Thus, the new claim on appeal is
conclusively refuted by the record, and does not provide a
basis for relief. We note that Tillett's reply brief also
suggested that he was in a state of shock at his sentencing
because an agreement to treat the charges against him in New
York and Rhode Island in the same proceeding had fallen
through. This is a new claim which was not presented to the
district court, and so we decline to consider it on appeal.
See United States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir.
 
1993). 

 -3-

that ineffective assistance by his attorney was a legally

significant factor in determining his right to obtain

collateral relief. As already noted, the court told Tillett

at sentencing that he had the "right" to appeal his sentence.

Tillett knew by the time he filed a previous postconviction

motion for relief in 1991 that his attorney had not done so.

The dismissal of that motion was grounded on the fact that

Tillett had not filed an appeal. Tillett then filed his
 

section 2255 action with the help of a prison paralegal. The

form he used stated that failure to allege all grounds for

relief could mean that those grounds would be barred from

being presented at a later date; it specifically listed

"denial of effective assistance of counsel" and "denial of

right of appeal" as commonly cited grounds for section 2255

relief. Furthermore, the magistrate's report made clear that

Tillett's unexplained failure to appeal his sentence was one
 

reason why collateral relief was not available. Against this

backdrop, we need not look beyond the issues Tillett has

presented to us on appeal to decide his case. Accordingly,

we conclude that Tillett has voluntarily waived any Bonneau
 

claim he may have had. See Bonneau v. United States, 961
 

F.2d 17, 23 (1st Cir. 1992) (where there was no doubt that

appellant was deprived of his right of appeal because of the

dereliction of counsel, a section 2255 petitioner had a right

 -4-

to take a direct appeal without first showing that the issues

on appeal would be meritorious).

 In the interests of judicial economy, therefore, we

proceed to evaluate the merits of his section 2255 claims,

and affirm the district court because those claims lack

merit. The sentencing court's failure to make specific

findings of fact in support of its decision to impose a fine

provides no basis for granting collateral relief in this

circuit. See United States v. Savoie, 917 F.2d 1057, 1064
 

(1st Cir. 1993). The sentencing transcript also makes clear

that the court did consider Tillett's ability to pay a fine.

The court acknowledged that a fine of $20,000 per count (for

a total of $60,000 on the three counts to which Tillett pled

guilty) seemed "somewhat out of line" with the financial

statement in the presentence report. But it suggested that

other facts given in the report indicated that the financial

statement did not accurately reflect Tillett's actual assets.

 Contrary to what Tillett suggests, the presentence

report did not conclude that he had no ability to pay a fine.

Moreover, it contains sufficient evidence to support the

court's imposition of a total fine of $60,000. The report

stated that Tillett had admitted that he had received $17,225

for heroin sold to a single Drug Enforcement Administration

agent in Rhode Island in the nine-month period preceding his

arrest. The agent gave an additional $2,500 to one of

 -5-

Tillett's co-defendants, Luis Cepeda, who, the court

determined at sentencing, was a runner for Tillett who

collected money from heroin purchasers on Tillett's behalf.

The presentence report also indicates that, two months before

his arrest, Tillett had arranged to sell heroin "that

weekend" to the DEA agent for $35,000-$37,500, suggesting

that Tillett already had the heroin available, or that he at

least had ready access to it. The sale did not go through

because the government backed out; it did not want to

jeopardize a separate investigation into Tillett's drug

trafficking activities in New York.3 The court reasonably

could have inferred that Tillett eventually sold that heroin

to other parties and that he had received up to $37,500 in

illegal drug sale proceeds in the two months immediately

preceding his arrest. Thus, the information in the

presentence report permitted the court to conclude that in

the nine-month period preceding Tillett's arrest he had

received up to $57,225 in proceeds from the sale of heroin.

As the report says, Tillett also had over $3,000 in his

checking and savings accounts, and so we have no doubt that

the court did not abuse its discretion in imposing a total

fine of $60,000 on Tillett, and in not deferring its payment

until after his release from prison. 

 

3. The presentence report noted that Tillett had pled guilty
in New York district court to one count of conspiracy to
possess with intent to distribute heroin. 

 -6-

 The district court knew that Tillett was engaged in

drug trafficking in both Rhode Island and New York, and the

presentence report does not suggest that Tillett's activities

were limited to a few, isolated sales of heroin. The court

concluded at sentencing that Tillett was the organizer of the

drug conspiracy in which he was involved, and that he had

recruited others to join that conspiracy. In addition, the

presentence report indicated that Tillett had been arrested

before on the charge that he had possessed heroin with intent

to deliver. Accordingly, the court would have been justified

in concluding that the specific sums mentioned in the

presentence report, which reflected only several actual or

potential sales to a single DEA agent in Rhode Island, did

not reflect the total amount of Tillett's illegal income.

Furthermore, before his arrest, Tillett had had steady

employment with the same employer for 17 years, had net

monthly income of $2,240 and monthly expenses of $1,492,

leaving him with a net monthly surplus of $748. From this,

the court could have inferred that Tillett's income from drug

sales was not used for his living expenses (and Tillett

suggests as much in his reply brief). 

 The financial statement in the presentence report

showed that Tillett's combined checking and savings accounts

contained some $3,136, that his liabilities were some

$11,523, so that he had a negative net worth of approximately

 -7-

$8,386. In view of the facts recited above, however, and the

fact that Tillett had retained counsel to represent him, the

court could reasonably have concluded that the sums in

Tillett's bank accounts reflected only his legitimate income

and not what his total financial resources were. Under these

circumstances, and given the fact that the court imposed a

fine at the lower end of the applicable fine range of

$12,500-$1,000,000, we think that there was sufficient

evidence to support the court's imposition of a fine of

$20,000 per count on Tillett.

 Affirmed.
 

 -8-