USCA1 Opinion

 

 June 27, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1621 OSCAR ANIBAL TILLETT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ ERRATA SHEET The opinion of this Court issued on May 24, 1994 is amended as follows: Footnote 1 should read as follows. 1. We note a problem in the magistrate's report. The final sentence of the report states that "[f]ailure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court." In a footnote, the magistrate cites Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st _____________________ ______________ Cir. 1980), and United States v. Valencia-Copete, 792 F.2d 4 (1st _____________ _______________ Cir. 1986). The final sentence in the magistrate's report accurately states our holding in Park Motor, but does not __________ encompass our holding in Valencia-Copete. In that case, we _______________ directed all magistrates to include in their reports a notice that failure to timely object to a report would waive "the right to appeal the district court's decision." 792 F.2d at 6 ______ ___ ________ _______ ________ (emphasis added). We note that a different Rhode Island magistrate's report included in the record is similarly deficient. Accordingly, we remind all magistrates in Rhode Island that their reports must include the statement that failure to file specific objections to reports in a timely manner waives both the right to review by the district court and the right to appeal the district court's decision. May 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1621 OSCAR ANIBAL TILLETT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ___________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ___________________ Oscar Anibal Tillett on brief pro se. ____________________ Edwin J. Gale, United States Attorney, Margaret E. Curran _____________ ___________________ and Kenneth P. Madden, Assistant United States Attorneys, on __________________ brief for appellee. __________________ __________________ - 2 - - 2 - Per Curiam. Oscar Anibal Tillett appeals the __________ dismissal of his motion under 28 U.S.C. 2255. We affirm. In this case, the magistrate recommended dismissing Tillett's section 2255 petition on the ground that he had not excused a double procedural default -- his failure to object at sentencing to a fine imposed on him by the court and his failure to appeal his sentence.1 Tillett submitted an objection to the magistrate's report alleging ineffective assistance of counsel as cause for his failure to file an appeal. Tillett said that he had asked his attorney to file a direct appeal, that his attorney had promised to do so, and that Tillett later discovered that his attorney had not done so. The district court accepted the magistrate's report, without referring specifically to Tillett's objection. ____________________ 1. We note a problem in the magistrate's report. The final sentence of the report states that "[f]ailure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court." In a footnote, the magistrate cites Park Motor Mart, Inc. v. Ford ______________________ ____ Motor Co., 616 F.2d 603 (1st Cir. 1980), and United States v. _________ _____________ Valencia-Copete, 792 F.2d 4 (1st Cir. 1986). The final _______________ sentence in the magistrate's report accurately states our holding in Park Motor, but does not encompass our holding in __________ Valencia-Copete. In that case, we directed all magistrates _______________ to include in their reports a notice that failure to timely object to a report would waive "the right to appeal the ______ ___ district court's decision." 792 F.2d at 6 (emphasis added). ________ _______ ________ We note that a different Rhode Island magistrate's report included in the record is similarly deficient. Accordingly, we remind all magistrates in Rhode Island that their reports must include the statement that failure to file specific objections to reports in a timely manner waives both the right to review by the district court and the right to appeal the district court's decision. -2- On appeal, Tillett has not objected to the court's failure to address his ineffective assistance of counsel claim, and he has not presented that claim to us as an appellate ground for relief. Indeed, his initial appellate brief says nothing about ineffective assistance of counsel.2 It is well established that arguments not raised in an initial appellate brief are generally deemed waived. See ___ Playboy Enterprises v. Public Service Commission of Puerto ___________________ _____________________________________ Rico, 906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. 959 ____ _____________ (1990). We see no reason why we should not follow that principle here. On this record, it is abundantly clear that Tillett has long known that he had the right to appeal his sentence and that it was his failure to appeal that barred him from obtaining collateral relief. It is also clear that, before bringing the present appeal, Tillett must have known ____________________ 2. Tillett's reply brief makes only the inconsistent assertion that his counsel never even told him that he had the right to appeal his sentence and that he did not know that he could appeal after having pled guilty. The sentencing transcript shows that the court itself told Tillett at sentencing that he had the right to appeal his sentence, and that counsel would be appointed to represent him if necessary. Thus, the new claim on appeal is conclusively refuted by the record, and does not provide a basis for relief. We note that Tillett's reply brief also suggested that he was in a state of shock at his sentencing because an agreement to treat the charges against him in New York and Rhode Island in the same proceeding had fallen through. This is a new claim which was not presented to the district court, and so we decline to consider it on appeal. See United States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. ___ _____________ _____________ 1993). -3- that ineffective assistance by his attorney was a legally significant factor in determining his right to obtain collateral relief. As already noted, the court told Tillett at sentencing that he had the "right" to appeal his sentence. Tillett knew by the time he filed a previous postconviction motion for relief in 1991 that his attorney had not done so. The dismissal of that motion was grounded on the fact that Tillett had not filed an appeal. Tillett then filed his ___ section 2255 action with the help of a prison paralegal. The form he used stated that failure to allege all grounds for relief could mean that those grounds would be barred from being presented at a later date; it specifically listed "denial of effective assistance of counsel" and "denial of right of appeal" as commonly cited grounds for section 2255 relief. Furthermore, the magistrate's report made clear that Tillett's unexplained failure to appeal his sentence was one ___________ reason why collateral relief was not available. Against this backdrop, we need not look beyond the issues Tillett has presented to us on appeal to decide his case. Accordingly, we conclude that Tillett has voluntarily waived any Bonneau _______ claim he may have had. See Bonneau v. United States, 961 ___ _______ _____________ F.2d 17, 23 (1st Cir. 1992) (where there was no doubt that appellant was deprived of his right of appeal because of the dereliction of counsel, a section 2255 petitioner had a right -4- to take a direct appeal without first showing that the issues on appeal would be meritorious). In the interests of judicial economy, therefore, we proceed to evaluate the merits of his section 2255 claims, and affirm the district court because those claims lack merit. The sentencing court's failure to make specific findings of fact in support of its decision to impose a fine provides no basis for granting collateral relief in this circuit. See United States v. Savoie, 917 F.2d 1057, 1064 ___ _____________ ______ (1st Cir. 1993). The sentencing transcript also makes clear that the court did consider Tillett's ability to pay a fine. The court acknowledged that a fine of $20,000 per count (for a total of $60,000 on the three counts to which Tillett pled guilty) seemed "somewhat out of line" with the financial statement in the presentence report. But it suggested that other facts given in the report indicated that the financial statement did not accurately reflect Tillett's actual assets. Contrary to what Tillett suggests, the presentence report did not conclude that he had no ability to pay a fine. Moreover, it contains sufficient evidence to support the court's imposition of a total fine of $60,000. The report stated that Tillett had admitted that he had received $17,225 for heroin sold to a single Drug Enforcement Administration agent in Rhode Island in the nine-month period preceding his arrest. The agent gave an additional $2,500 to one of -5- Tillett's co-defendants, Luis Cepeda, who, the court determined at sentencing, was a runner for Tillett who collected money from heroin purchasers on Tillett's behalf. The presentence report also indicates that, two months before his arrest, Tillett had arranged to sell heroin "that weekend" to the DEA agent for $35,000-$37,500, suggesting that Tillett already had the heroin available, or that he at least had ready access to it. The sale did not go through because the government backed out; it did not want to jeopardize a separate investigation into Tillett's drug trafficking activities in New York.3 The court reasonably could have inferred that Tillett eventually sold that heroin to other parties and that he had received up to $37,500 in illegal drug sale proceeds in the two months immediately preceding his arrest. Thus, the information in the presentence report permitted the court to conclude that in the nine-month period preceding Tillett's arrest he had received up to $57,225 in proceeds from the sale of heroin. As the report says, Tillett also had over $3,000 in his checking and savings accounts, and so we have no doubt that the court did not abuse its discretion in imposing a total fine of $60,000 on Tillett, and in not deferring its payment until after his release from prison. ____________________ 3. The presentence report noted that Tillett had pled guilty in New York district court to one count of conspiracy to possess with intent to distribute heroin. -6- The district court knew that Tillett was engaged in drug trafficking in both Rhode Island and New York, and the presentence report does not suggest that Tillett's activities were limited to a few, isolated sales of heroin. The court concluded at sentencing that Tillett was the organizer of the drug conspiracy in which he was involved, and that he had recruited others to join that conspiracy. In addition, the presentence report indicated that Tillett had been arrested before on the charge that he had possessed heroin with intent to deliver. Accordingly, the court would have been justified in concluding that the specific sums mentioned in the presentence report, which reflected only several actual or potential sales to a single DEA agent in Rhode Island, did not reflect the total amount of Tillett's illegal income. Furthermore, before his arrest, Tillett had had steady employment with the same employer for 17 years, had net monthly income of $2,240 and monthly expenses of $1,492, leaving him with a net monthly surplus of $748. From this, the court could have inferred that Tillett's income from drug sales was not used for his living expenses (and Tillett suggests as much in his reply brief). The financial statement in the presentence report showed that Tillett's combined checking and savings accounts contained some $3,136, that his liabilities were some $11,523, so that he had a negative net worth of approximately -7- $8,386. In view of the facts recited above, however, and the fact that Tillett had retained counsel to represent him, the court could reasonably have concluded that the sums in Tillett's bank accounts reflected only his legitimate income and not what his total financial resources were. Under these circumstances, and given the fact that the court imposed a fine at the lower end of the applicable fine range of $12,500-$1,000,000, we think that there was sufficient evidence to support the court's imposition of a fine of $20,000 per count on Tillett. Affirmed. _________ -8-