[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

—————————

No. 01-2077

JULIAN FERREIRA-PLASENCIA,

Plaintiff, Appellant,

v.

JOHN H. RUGINSKI, JR.,
CHRIS MARTINEZ,

Defendants, Appellees.

—————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

—————————

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

—————————

Julian Ferreira-Plasencia on brief pro se.
James Moretti on brief for appellees.

—————————

**May 2, 2002**

—————————

**Per Curiam**.    Julian Ferreira-Plasencia, proceeding pro se, appeals from the district court's grant of summary judgment to defendants John H. Ruginski, Jr. and Chris Martinez in this diversity-based legal malpractice suit.  Below, the plaintiff claimed that the defendants, his former attorney and the attorney's legal assistant, failed to file a timely notice of appeal from an Immigration Judge's denial of his application for a waiver of deportability.  He further contended that the defendants did not advise him as to alternative methods to seek relief from deportation.  Subsequent to the dismissal of his untimely appeal, Ferreira-Plasencia was deported.  At some time thereafter, he re-entered the country, and was later convicted for illegal re-entry, 8 U.S.C. § 1326.

The district court adopted a magistrate judge's report and recommendation and granted summary judgment to the defendants because Ferreira-Plasencia offered no evidence to establish that the defendants' failure to file his notice of appeal in a timely fashion actually caused harm.  The court further found that Ferreira-Plasencia had not provided any expert testimony concerning the relevant standard of care for his claim that the defendants did not properly advise him of alternative avenues of relief from deportation.

-2-

Upon our _de novo_ review, we find that the absence of evidence to support essential elements of Ferreira-Plasencia's claims is fatal to his case. He offered no evidence to establish that the defendants' untimely filing of his notice of appeal caused him to be deported and subsequently convicted for illegal re-entry into the United States. He also failed to present expert testimony establishing the standard of care owed to him on his claim that defendants did not properly advise him as to alternative avenues for relief from deportation. Accordingly, the district court properly granted summary judgment.

On appeal, Ferreira-Plasencia faults the district court for not _sua sponte_ granting him a continuance, so he could obtain the testimony of an expert. He contends that Rule 56(f) of the Federal Rules of Civil Procedure required the court to either deny the motion for summary judgment or grant him a continuance. But he did not seek to invoke Rule 56(f) below, and we have stated that "in order to savor the balm of Rule 56(f), a party must move for a discovery continuance in a timely fashion." _Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n._, 142 F.3d 26, 44 (1st Cir. 1998)(internal quotation marks omitted). Not only did Ferreira-Plasencia fail to make a timely motion for a Rule 56(f) continuance, but he also failed to make any motion for any sort of continuance.

We add, moreover, that a movant must generally show diligence in conducting discovery. Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 45 n.4 (1st Cir. 1999). Ferreira-Plasencia did not state what attempts he had made to obtain evidence to support his claim. Accordingly, we find no merit in his argument that the district court erred by not spontaneously granting him an unrequested continuance.

Ferreira-Plasencia also argues, for the first time on appeal, that the district court should have given him "fair notice" of the requirements of Rule 56 of the Federal Rules of Civil Procedure and the consequences of failing to properly oppose such a motion. The magistrate judge's report and recommendation clearly outlined these requirements, and (assuming, without deciding, that notice was required) we conclude that Ferreira-Plasencia thus received "fair notice" of the rule. Furthermore, because he did not object to the magistrate's recommendation that summary judgment be granted to the defendants on the ground that he had no notice of the requirements of the rule, Ferreira-Plasencia has waived the argument. See Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980)(holding that the failure to file timely, specific objections to a magistrate's report and recommendation constitutes waiver of the right to appeal the district court's decision).

-4-

The district court's grant of summary judgment to the defendants is <u>affirmed.</u>