Thomas **COOLEY**,

v.

**CORNELL CORRECTIONS**, et al.

No. 03–213 ML.

United States District Court, D. Rhode Island.

Feb. 19, 2004.

Thomas Cooley, pro se.

Dennis T. Greico, Esq., for defendant.

## Report and Recommendation

HAGOPIAN, Magistrate J.

On June 2, 2003, Plaintiff Thomas Cooley filed a Complaint pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and named as defendants Cornell Corrections, the Donald Wyatt Detention Center, and numerous employees at Wyatt Detention Center. To the date of this writing, none of the named defendants have been properly served. Accordingly, Judge Lisi issued an Order directing the plaintiff to show good cause why this action should not be dismissed, without prejudice, for a lack of prosecution. Plaintiff timely filed a response to the Order. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the instant action be dismissed, without prejudice.

## Discussion

On June 2, 2003, Plaintiff filed a complaint naming as defendants Cornell Corrections, the Donald Wyatt Detention Center, and numerous employees of Wyatt Detention Center. Plaintiff thereafter failed to secure service on the named defendants within the 120 day period provided in Rule 4(m). *See* Fed. R.Civ.P. 4(m). Accordingly, on October 14, 2003, plaintiff filed a motion for an enlargement of time to effect the service of process. The Court granted his motion, allowing him until November 21, 2003 to secure service. Plaintiff did not comply. Accordingly, Judge Lisi issued an Order to show cause why this case should not be dismissed for lack of prosecution.

In response to the Order, plaintiff indicates that he has sent the necessary waiver of service forms to the defendants, with no response. However, pursuant to Fed. R.Civ.P. 4(c)(1), plaintiff is "responsible for the service of a summons and a complaint...." *See* Fed.R.Civ.P. 4(c)(1). It is not this Court's chore to serve the named defendants, nor do the defendants have an obligation to waive service of process. It is solely the plaintiff's obligation to serve the defendants timely and properly.

As a further explanation for his failure to serve the defendants in a timely fashion, plaintiff indicates that in September 2003 he was relocated to a different correctional facility and his legal documents were left behind. Plaintiff, however, filed a motion for an extension of time in October of 2003, after his transfer to the new facility, which this Court granted. Still, plaintiff failed to serve the defendants within the time prescribed by the Court, and has failed to offer any adequate reason for his failure. Accordingly, I find that the plaintiff has failed to demonstrate good cause for his lack of prosecuting this matter in a timely fashion, and I recommend that this action be dismissed without prejudice.

## Conclusion

For the reasons set forth above, I recommend that this instant action be dismissed, without prejudice. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the

district court's decision. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).