entered on the docket.[18]

**Edward Eugene YOUNG Plaintiff,**

v.

**A.T. WALL, et al., Defendants.**

**No. 03–220S.**

United States District Court,
D. Rhode Island.

May 24, 2005.

For Plaintiff: Edward Eugene Young, pro se.

For Defendant: Patricia Anne Coyne–Fague, Esq., Thomas Palombo, Esq.

## ORDER

SMITH, District Judge.

The Report and Recommendation of United States Magistrate Judge Jacob Hagopian filed on May 3, 2005, in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1). Plaintiff's Motion for Class Certification is DENIED.

### Report and Recommendation

HAGOPIAN, Senior United States Magistrate Judge.

Edward Eugene Young ("Young" or "plaintiff"), an inmate legally incarcerated at the Rhode Island Department of Corrections ("RIDOC"), Adult Correctional Institutions, filed suit under 42 U.S.C. § 1983 alleging a violation of the Takings Clause of the Fifth Amendment. Despite having able counsel to represent his interests in this case, the plaintiff—*pro se* filed a motion for class certification pursuant to Fed.R.Civ.P. 23. Plaintiff's counsel has taken no position on this motion. The defendant, however, filed an objection thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion for class certification be denied.

### Background

Plaintiff is currently a prisoner at the Adult Correctional Institutions. While confined, plaintiff has worked at the prison providing laundry services and has earned a small amount of wages. On August 18, 2003, Young filed an Amended Complaint that asserted a list of seven claims for relief under 42 U.S.C. § 1983. All of the claims have been dismissed pursuant to Fed.R.Civ.P. 12(b)(6), except plaintiff's claim that RIDOC

**18.** Counsel will bear in mind in proposing this notice that notice should go to all putative class members.

improperly "takes" the interest earned on his inmate accounts. Plaintiff, represented by counsel, has now filed a *pro se* motion for class certification pursuant to Fed.R.Civ.P. 23. Defendant has objected.

### Discussion

Rule 23(a) of the Federal Rules of Civil Procedure requires that parties seeking class certification demonstrate: (1) the class is so numerous that joinder of all parties is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a). Individuals appearing *pro se* may not adequately represent and protect the interests of a class. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000)(holding that class representatives cannot appear *pro se*); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir.1995) (stating that "because [the plaintiff] is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (denying certification of a class with a *pro se* representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); *Avery v. Powell*, 695 F.Supp. 632, 643 (D.N.H.1988) (denying class certification because "[a] pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Here, plaintiff's counsel did not file the instant motion for class certification. Plaintiff filed the motion *pro se.* He apparently seeks to represent the proposed class *pro se.* Plaintiff is not an attorney. Accordingly, I find that the plaintiff cannot adequately protect the interests of those purported class members he seeks to represent. I therefore recommend that plaintiff's motion for class certification be denied.

### Conclusion

For the reasons stated above, I recommend that plaintiff's motion for class certification be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).