Anthony S. DUCALLY

v.

State of **RHODE ISLAND DE-PARTMENT OF COR-RECTIONS, et al.**

No. C.A. 00–251T.

United States District Court, D. Rhode Island.

June 27, 2001.

Anthony S. Ducally, pro se.

Susan E. Urso, Thomas A. Palombo, for Defendant.

### Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

■ The *pro se*[1] plaintiff Anthony S. Ducally, an inmate confined at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The plaintiff names as defendants the Rhode Island Department of Corrections, Correctional Officer Godwin Ebong, Warden Albert Gardner, and the former Director of the ACI, George A. Vose.

This matter is currently before the Court on the motion of Department of Corrections, Gardner and Ebong to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] The plaintiff has filed an opposition thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' Rule 12(b)(1) motion to dismiss be denied. I further recommend that the defendants' Rule 12(b)(6) motion to dismiss be granted with respect to the Department of Corrections and Gardner, and denied with respect to Ebong.

### I. Background

The factual allegations, which are taken as true from the plaintiff's Complaint, are as follows:

On May 11th, 1999, at 9:00 a.m., the plaintiff was returning from recreation when he asked Defendant Ebong to open his cell door. When Defendant Ebong opened the cell door, the plaintiff asserts that Ebong approached him from behind and intentionally "slammed" the cell door on his fingers. After this incident, plaintiff alleges that Ebong refused to allow him to seek medical treatment. Plaintiff further alleges that Ebong waited an hour before allowing him to get medical attention.

When plaintiff received medical attention, a nurse informed him that all of the fingers on his left hand were swollen and that he suffered two open wounds to his

---

**1.** A *pro se* plaintiff's complaint is read with an "extra degree of solicitude" and is liberally construed. *Rodi v. Ventetuolo,* 941 F.2d 22, 23 (1st Cir.1991).

**2.** The former Director of the ACI, George A. Vose, was not a party to the instant motion to dismiss.

middle and ring fingers. The plaintiff also asserts that he is losing feeling and power in his entire hand and that he has nightmares of the incident.

Based upon these allegations, plaintiff asserts that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, plaintiff asserts that his Eighth Amendment rights were violated when (1) Defendant Ebong slammed the cell door on his hand, and (2) Defendant Ebong delayed medical treatment for one hour. The Department of Corrections, Ebong and Gardner have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Plaintiff has objected thereto.

## II. Discussion

### A. Defendants' Fed.R.Civ.P. 12(b)(1) Motion

■ Rule 12(b)(1) of the Federal ·Rules of Civil Procedure provides for the dismissal of actions in which the court lacks subject matter jurisdiction. The court when considering a 12(b)(1) motion may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996). The pertinent inquiry is whether or not the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the court is proper. *Casey v. Lifespan Corp.*, 62 F.Supp.2d 471, 474 (D.R.I.1999). The burden of proof in a 12(b)(1) motion falls on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942). The party must establish that they have a claim under federal law. In ruling on a motion filed under Rule 12(b)(1), the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995).

■ Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action for a violation of a person's constitutional rights done under the color of state law. While 42 U.S.C. § 1983 does not grant subject matter jurisdiction to the federal courts, *Cervoni v. Secretary of Health, Educ. and Welfare*, 581 F.2d 1010, 1019 (1st Cir.1978), a claim under 42 U.S.C. § 1983, as alleged here, falls under the general federal question jurisdiction. *See* 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.")

However, Defendants assert that Eleventh Amendment's sovereign immunity bars this suit against the Rhode Island Department of Corrections, and cite *Will v. Michigan*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), as authority for this proposition. Accordingly, the defendants assert that the Department of Corrections is entitled to dismissal under Fed.R.Civ.P. 12(b)(1).

■ The Eleventh Amendment to the United States Constitution prohibits a state from being sued in federal court. It provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend.XI. While its plain language does not apply to suits in federal court brought by a citizen against a citizen's own state, the Supreme Court has long understood the Eleventh Amendment to extend to such suits. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79

L.Ed.2d 67 (1984) (Finding Eleventh Amendment deprives the federal courts of subject matter jurisdiction over an action asserted by an individual against a state).

■■ However, there are three exceptions that operate to remove a state's Eleventh Amendment immunity. They are (1) where Congress properly abrogates the immunity; (2) where a state explicitly waives its immunity by consenting to suit in federal court; and (3) where a suit is limited to prospective injunctive relief against a state official to enjoin a continuing violation of federal law. Here, the Rhode Island Supreme Court held that, by statute, the state of Rhode Island has broadly *waived* its Eleventh Amendment immunity with respect to tort actions in federal court, pursuant to R.I.Gen.Laws § 9–31–1. *Laird v. Chrysler Corp.,* 460 A.2d 425, 429 (R.I.1983); *Pride Chrysler Plymouth Inc., v. R.I. Motor Vehicle Dealers,* 721 F.Supp. 17, 22 (D.R.I.1989). Thus, the Eleventh Amendment does not operate to remove this Court's subject matter jurisdiction in this case.

Moreover, the defendants' reliance on *Will v. Michigan,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), on this point is misplaced. The Supreme Court in *Will* held that a "state" or a "state official" acting in his or her official capacity is not a "person" as the term is used in 42 U.S.C. § 1983. *Id.* at 71, 109 S.Ct. 2304. Thus, *Will* does not stand for the proposition that a state official acting in his or her official capacity or a state agency is immune from suit on the basis of the Eleventh Amendment's sovereign immunity. Rather, *Will* stands for the proposition that a state official acting in his or her official capacity or a state agency is not a *proper defendant* under § 1983. Defendants' argument that *Will* entitles the Department of Corrections to a dismissal under 12(b)(1), for lack of subject matter jurisdiction, misses the mark.

Since the claims asserted by the plaintiff fall squarely within this court's federal question jurisdiction under 28 U.S.C. § 1331, and since the state of Rhode Island, pursuant to statute, has waived its Eleventh Amendment immunity, this Court has subject matter jurisdiction to entertain the instant claims. Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), should be denied. I so recommend.

### B. Defendants' Fed.R.Civ.P. 12(b)(6) Motion

■■ Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded factual averments of the *** complaint as true, and construe these facts in the light most favorable to the [plaintiff]." *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. *Id.* Thus, in ruling on the motion

to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of protected federal rights.

### 1. 42 U.S.C. § 1983.

 Plaintiff has brought this action under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

Section 1983 creates a cause of action for persons who are denied a federally protected right. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (constitutional deprivations); *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

Here, there is no dispute that the defendants acted under the color of state law. However, there is a question of whether the facts alleged rise to a violation of the plaintiff's Eighth Amendment right against cruel and unusual punishment.

### 2. Plaintiff's claims of an Eighth Amendment violation

 The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and can limit the type of punishment that is imposed. *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. *Whitley v. Albers,* 475 U.S. 312, 318–319, 106 S.Ct. 1078, 1083–1084, 89 L.Ed.2d 251 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." *Id.* "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for the differences in the kind of conduct against which an Eighth Amendment objection is lodged." *Id.* at 320, 106 S.Ct. 1078. What is required to establish the unnecessary and wanton infliction of pain varies according to the nature of the alleged Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

### a. Defendant Ebong

#### i. The injury to the plaintiff's hand— Excessive Force claims

In his complaint, Plaintiff alleges that Defendant Ebong approached him from behind and intentionally slammed the cell door on his fingers. As a result, the plaintiff alleges that he suffered two open wounds to his middle and ring fingers and that his fingers were swollen. Moreover,

plaintiff alleges that he is losing feeling and has pain in his fingers and hand.

 The use of excessive force can be an Eighth Amendment violation when there is unnecessary and wanton infliction of pain and the force was "maliciously and sadistically [used] to cause harm." *Hudson*, 503 U.S. at 6–7, 112 S.Ct. 995, *Whitley*, 475 U.S. at 320–321, 106 S.Ct. 1078. Excessive force claims require inquiry into the prison official's intent. *See Hudson*, 503 U.S. at 9, 112 S.Ct. 995. ("Thus courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation.") (alteration in original) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 303, 111 S.Ct. 2321, 2324, 2326, 115 L.Ed.2d 271 (1991)).

 A plaintiff does not need to allege that the injuries were serious. *Hudson*, 503 U.S. at 5, 112 S.Ct. 995. However, some level of physical force is immune from the purview of the Eighth Amendment. *See Id.* at 10, 112 S.Ct. 995 ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action ...[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotations and citations omitted). *see also Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) ("[A]ssuming the conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim.") (emphasis added). Thus, in excessive force claims a plaintiff must allege some degree of injury that is above *de minimis*.

 While accidents alone can not sustain an Eighth Amendment violation, the plaintiff alleges that Defendant Ebong's actions were intentional. *See Estelle*, 429 U.S. at 105, 97 S.Ct. 285 (Finding that accidents lack the necessary culpable state of mind necessary for the punishment to be considered cruel "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.") If done intentionally, and proven so at trial, Defendant Ebong's actions, as alleged by the plaintiff, could rise to the level of "wanton infliction of pain" that was used "maliciously." *Whitley*, 475 U.S. at 313, 106 S.Ct. 1078. Additionally, plaintiff's allegations of injury rise above "*de minimis.*" *Hudson*, 503 U.S. at 9, 112 S.Ct. 995. Plaintiff avers that he suffered two cuts, swollen fingers, and that he is losing power and feeling in his fingers and hand. These allegations, taken as true, state a cause of action under the Eighth Amendment. Accordingly, defendants' motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), as it pertains to Ebong should be denied.

### ii. Failure to Provide Medical Attention Claims.

As mentioned above, plaintiff alleges that Ebong intentionally slammed a cell door on his hand, causing injury. Thereafter, Ebong allegedly delayed and denied the plaintiff medical treatment.

 The failure to provide medical attention to an injured prisoner can also be an Eighth Amendment violation. *See, e.g., Layne v. Vinzant*, 657 F.2d 468 (1st Cir. 1981); *Rosen v. Chang*, 758 F.Supp. 799 (D.R.I.1991). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97,

106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Officials must "intentionally" delay or completely deny access to medical care. *Id.* at 104–05, 97 S.Ct. 285.

Deliberate indifference requires a state of mind akin to criminal recklessness; that the official knew of and consciously disregarded a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Mahan v. Plymouth County House of Corrections,* 64 F.3d 14 (1st Cir. 1995); *Kogut v. Katz,* 187 F.3d 622 (1st Cir.1998). Deliberate indifference to the medical needs of an inmate amount to an Eighth Amendment violation only when the needs of the inmate are serious. *Hudson,* 503 U.S. at 9, 112 S.Ct. 995.

The seriousness of an inmates injuries are measured objectively. *Wilson,* 501 U.S. at 298, 111 S.Ct. 2321. "A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Mahan,* 64 F.3d at 18 (*quoting Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir.1990)).

Here, plaintiff alleges that defendant Ebong delayed medical treatment for the plaintiff after intentionally slamming the plaintiff's fingers in the cell door. Moreover, plaintiff alleges that his fingers were swollen, and that he had two open wounds. He further alleges that he is losing power and feeling in his fingers and hands. These allegations, take as true at this stage of the litigation, state a claim under the Eighth Amendment's deliberate indifference standard. Plaintiff avers that Ebong intentionally delayed treatment, and that his injuries were sufficiently serious. Accordingly, the defendants' motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), as it pertains to Defendant Ebong should be denied.

### b. Defendant Rhode Island Department of Corrections

While Section 1983 provides a federal forum to remedy many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. *Will,* 491 U.S. at 66, 109 S.Ct. 2304. A State is not considered a "person" for § 1983 purposes, and thus is not liable for money damages under § 1983. *Id.* at 71, 109 S.Ct. 2304. Similarly, a state agency is considered an "arm of the state" and is also not liable for damages under § 1983. *Johnson v. Rodriguez et al.,* 943 F.2d 104, 108–109 (1st Cir.1991).

Here, plaintiff seeks to hold liable for damages the Rhode Island Department of Corrections. However, since a state and a state agency are not considered persons under Section 1983, and thus, are not proper defendants, the plaintiff cannot maintain an action for damages against the Rhode Island Department of Corrections. *Will,* 491 U.S. at 71, 109 S.Ct. 2304. Accordingly, the defendants' motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), as it pertains to the Rhode Island Department of Corrections should be granted. I so recommend.

### c. Defendant Gardner

While "inartful" pleading is not grounds to dismiss a complaint from a *pro se* plaintiff, the plaintiff must set forth some factual basis to support his claims. *Sisbarro v. Warden,* 592 F.2d 1, 2 (1st Cir.1979). Here, however, plaintiff's complaint states *no* facts that would implicate Defendant Gardner. Specific factual allegations against Defendant Gardner are completely absent from the plaintiff's complaint. Ac-

cordingly, I recommend that the defendants' motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), should be granted as it pertains to Defendant Gardner.

### III. Conclusion

For the reasons stated above, I recommend that the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) be denied. I further recommend that defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) be granted for the Rhode Island Department of Corrections and Gardner, and should be denied for Defendant Ebong.

Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *See United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).