Steven A. SHRAIAR, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 83–1851.

United States Court of Appeals,
First Circuit.

Submitted April 6, 1984.

Decided June 15, 1984.

Steven A. Shraiar on brief, pro se.

William F. Weld, U.S. Atty., and Peter A. Mullin, Asst. U.S. Atty., Boston, Mass., on brief for respondent, appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

 Steven Shraiar, pro se, appeals from the district court judgment denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court, following the recommendation of a magistrate, denied the motion without a hearing.[1]

In support of his motion Shraiar argues that he received ineffective assistance of counsel at the trial which resulted in his conviction on eight counts of mail fraud. Following that trial he received a two-year sentence which he began serving on September 24, 1982, following his unsuccessful appeal in *United States v. Hershenow*, 680 F.2d 847 (1st Cir.1982).[2] The convictions

---

1. In addition, the district court, which was also the trial court, relied on its own recollection, which is not improper. *Gregory v. United States*, 585 F.2d 548, 550 n. 4 (1st Cir.1978).

2. The petitioner was released on parole on September 23, 1983. The sentence was less than the statutory maximum. 18 U.S.C. § 1341.

were based on evidence at trial showing that Shraiar, a pharmacist, billed insurance companies for surgical equipment that had not been delivered to patients.[3]

■ A § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are "inherently incredible." *Mack v. United States*, 635 F.2d 20, 26–27 (1st Cir.1980); *Otero-Rivera v. United States*, 494 F.2d 900, 902 (1st Cir.1974); *Domenica v. United States*, 292 F.2d 483, 484 (1st Cir.1961).

■ The magistrate, construing Shraiar's motion and memorandum liberally,[4] determined that he alleged five instances of ineffective assistance of counsel.[5] The first instance alleged is that his counsel did not present defense witnesses who would have testified that several items were delivered to a prescribing doctor without receipt of payment or receipts. Accepting this allegation as true, we are unable to see how such testimony would have contradicted the evidence of Shraiar's guilt. *See United States v. Campa*, 679 F.2d 1006, 1014 (1st Cir.1982).

The second allegation is that counsel failed to adequately cross-examine Shraiar's former partner, who provided the bulk of the testimony against Shraiar.[6] Since Shraiar's allegation is conclusory and does not state facts indicating that the cross-examination was inadequate or indicate what further cross-examination might have revealed, this allegation too states no ground for relief.

■ The third allegation is that counsel failed to call Shraiar in his own defense, and the fourth is that counsel failed to

present a witness at trial who had been subpoenaed by the government but who was not called by the government to testify. Shraiar fails to state any facts which would suggest that those decisions were any more than a result of counsel's informed professional judgment. Such decisions, even if erroneous in retrospect, do not constitute ineffective assistance of counsel. *United States v. Thomann*, 609 F.2d 560, 566 (1st Cir.1979); *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir.1978). *See United States v. Santiago Barbosa*, 666 F.2d 704, 708 n. 6 (1st Cir.1981).

The fifth allegation is that counsel failed to file a motion requested by Shraiar for reduction of his sentence pursuant to Fed. R.Crim.P. 35(b). Although the motion is addressed to the court's discretion, the rule does not suggest that a motion should be filed automatically in every case. To the contrary, the Advisory Committee's note indicates that such a motion would normally be accompanied by "evidence, information and argument to support a reduction in sentence." No court has held that failure to file such a motion *automatically* constitutes ineffective assistance of counsel. Rather *United States v. Ackerman*, 619 F.2d 285, 288 (3rd Cir.1980) (which appellant cites), simply holds that where counsel's *promise* to file such a motion is followed by counsel's failure to file it, the court should look further into the matter. Here, appellant's brief indicates that his counsel asked him for any "evidence, information and argument to support a reduction in sentence," and appellant responded with a letter suggesting that the purpose of such a motion would be to take advantage of a possible change in the sentencing judge's psychology. Appellant alleges no other relevant facts. We see no possibility that failure to file under these circumstances could fall below the standard of effec-

---

3. The facts are stated in more detail in *Hershenow, supra* at 850, 862.

4. *See Miller v. United States*, 564 F.2d 103, 105 (1st Cir.1977), *cert. denied*, 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978).

5. Shraiar states other instances of ineffective assistance in his brief on appeal, which we do

not consider because they were not presented to the district court. *Nogueira v. United States*, 683 F.2d 576, 580 (1st Cir.1982); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979).

6. *See Hershenow, supra* at 862.

tive assistance of counsel as measured by "the exercise of the customary skill and knowledge which normally prevails at the time and place." *Moore v. United States,* 432 F.2d 730, 736 (3d Cir.1970).

The judgment of the district court is *Affirmed.*