825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick David CURREY, Defendant-Appellant.
 No. 87-7074
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1987.
Decided July 13, 1987.
 
 Patrick David Currey, appellant pro se.
 Tommy Eugene Miller, Assistant U.S. Attorney, for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Patraic David Currey appeals the district court's denial of his post-conviction motions. With one modification, we affirm the decision of the district court.
 
 
 2
 Currey pled guilty in district court to one count of conspiring to distribute hashish in violation of 21 U.S.C. Sec. 846, and was sentenced on June 18, 1985, to ten years imprisonment. Currey did not appeal, but did request, on September 11, 1985, that counsel be appointed to file a Fed. R. Crim. P. 35 motion on his behalf. The district judge denied this request and Currey filed on November 1, 1985, a pro se Rule 35 motion. Currey asked the district judge to withhold consideration of his Rule 35 motion to afford Currey an opportunity to file new information. On January 6, 1986, the district judge received a proposed plan prepared by the National Center on Institutions and Alternatives in support of Currey's request for modification of his sentence. The judge denied Currey's Rule 35 motion on the same day.
 
 
 3
 Currey thereafter filed motions for copies of his arraignment transcript, sentencing transcript, presentence report and case docket. The district court provided him with copies of his sentencing transcript and case docket but declined to provide his presentence report or arraignment transcript.
 
 
 4
 Currey then filed a 28 U.S.C. Sec. 2255 motion and a motion to disqualify the district judge from ruling on any more of Currey's motions. In his Sec. 2255 motion Currey alleged that (1) his counsel was ineffective in failing to present all the facts Currey wished presented at the sentencing hearing, in failing to advise him of his right to appeal, and in refusing to assist him in preparation of a Rule 35 motion; (2) he was not afforded sufficient time to review his presentence report; (3) his presentence report was not amended to correct inaccuracies; and (4) the court failed to state on the record how it treated controverted facts in the presentence report. The district court denied Currey's Sec. 2255 motion and disqualification motion.
 
 
 5
 Before this Court on appeal are the denial of Currey's motion for copies of his arraignment transcript and presentence report, the denial of his motion to disqualify, and the denial of his motion for Sec. 2255 relief. Finding that Currey has failed to demonstrate any basis for disqualification, we find no error in the district judge's denial of the motion to disqualify. Nor do we find any error in the district court's determination that Currey had failed to establish a particularized need for his arraignment transcript or presentence report and so was not entitled to the copies he sought. See Jones v. Superintendent, 460 F.2d 150 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973).
 
 
 6
 We turn therefore to the denial of Currey's Sec. 2255 motion. Upon review of the sentencing transcript and the allegations made in Currey's motion, we agree with the district court that Currey has failed to establish that counsel's performance at the sentencing hearing was ineffective under the standard established in Strickland v. Washington, 466 U.S. 668 (1984). As to counsel's alleged failure to advise Currey of the time in which he must appeal, we find no basis for Sec. 2255 relief where Currey pled guilty, the district court advised him of his right to appeal, and there is no indication that he desired to appeal but allowed the appeal period to expire because of his lack of information. See Carey v. Leverette, 605 F.2d 745 (4th Cir.), cert. denied, 444 U.S. 983 (1978); Walters v. Harris, 460 F.2d 988 (4th Cir. 1972), cert. denied, 409 U.S. 1129 (1973). We also agree with the district court that counsel's failure to assist Currey with his Rule 35 motion did not rise to the level of a sixth amendment violation. In view of the assistance provided Currey by the National Center on Institutions and Alternatives, we are unable to find that he was prejudiced by counsel's failure to assist him. See Shraiar v. United States, 736 F.2d 817 (1st Cir. 1984).
 
 
 7
 Currey's second claim was that he was not afforded sufficient time to review his presentence report before being sentenced. As both Currey and his counsel indicated at the sentencing hearing that they had had an adequate opportunity to review the presentence report, we find this claim without merit.
 
 
 8
 Currey's third and fourth claims allege a violation of Fed. R. Crim. R. 32(c)(3)(d) which provides as follows:
 
 
 9
 If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 10
 At the sentencing hearing, Currey challenged the accuracy of the following statements in the presentence report: (1) that he had admitted his guilt and participation in the overall scheme, (2) that he had admitted he was recruited to oversee the offload operation, and (3) that he had admitted guilt and participation in the overall offense. Currey denied that he was recruited to oversee the offload operation or that he had participated in the entire scheme or offense, contending instead that his participation was limited to arranging transportation of the security load.
 
 
 11
 Counsel for Currey consented to oral amendment of the presentence report. After presentation of evidence, counsel for the government summarized the role played by Currey in the offense. Currey's attorney, after making certain minor clarifications accepted by the district court, stated his agreement with the version given by counsel for the government. The agreed version was that Currey organized the transportation of the security load from the Virginia-North Carolina area to New York. Currey had earlier arranged the purchase of a farmhouse which Currey had thought was to be used as a residence but which eventually was used as a meeting place during the transportation of the security load. Also at an earlier date Currey had recruited two individuals to crew a boat which was to be used to transport the hashish from the Middle East; although at the time Currey recruited the individuals, he knew that the recruitment was for drug smuggling, he did not know that it was for this particular operation.
 
 
 12
 Contrary to Currey's present allegations, the district court did not fail to resolve alleged factual inaccuracies in the presentence report. Rather, Currey and the government reached an agreed statement of the precise role played by Currey, and this was the role the court considered in imposing sentence.
 
 
 13
 The resolution of Currey's objections to the presentence report is reflected in the transcript of the sentencing hearing. This Court has held that 'the written transcript of the sentencing hearing is a compliance with Rule 32(c)(3)(d)'s requirement of a 'written record of such findings." United States v. Hill, 766 F.2d 856, 859 (4th Cir. 1985), cert. denied, ---- U.S. ----, 54 U.S.L.W. 3271 (Oct. 21, 1985).
 
 
 14
 Rule 32(c)(3)(d) also contains a somewhat ministerial requirement that the 'written record' be appended to and accompany any copy of the presentence report made available to the Bureau of Prisons or Parole Commission. The district court here noted that Currey had been provided with a copy of the presentence report and advised that he could present it to the Bureau of Prisons or Parole Commission. Attachments to Currey's informal brief on appeal suggest, however, that although Currey presented the transcript at his initial parole hearing, the panel hearing his case remained under the impression that the district court had not ordered that any corrections be made to the report. The summary and recommendation prepared by the panel after Currey's initial hearing contains the following statement:
 
 
 15
 The inmate was advised, if corrections are made by Court order and [sic] the presentence report, that it could very well effect [sic] the severity and the future assessment of this case, and the Commission should be notified if the Court files such an order.
 
 
 16
 It appearing that the failure to append a copy of the transcript to the report provided to the Parole Commission has caused the Commission to discount Currey's representation that the district court resolved his objections to the report in his favor, we remand the case to the district court for compliance with this aspect of Rule 32. On remand the district court should enter an order directing the probation officer to append a copy of the sentencing transcript to the presentence report as a written record of the court's findings on Currey's objections to the report. The probation officer should further be directed to provide to the Bureau of Prisons and the Parole Commission a copy of the presentence report with the district court's order directing this relief and the sentencing transcript appended to it.
 
 
 17
 We otherwise affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 18
 REMANDED AND AFFIRMED AS MODIFIED.