STATE OF HAWAl'l, Plaintiff-Appellee,
v.
LILLIAN M. HUSSEIN, Defendant-Appellant
NO. 28617
Intermediate Court of Appeals of Hawaii.
December 22, 2008.
On the briefs:
Mary Ann Barnard, for Defendant-Appellant
Peter B. Carlisle, Prosecuting Attorney, Loren J. Thomas, Stephen K. Tsushima, Deputy Prosecuting Attorneys, City and County of Honolul for Plaintiff-Appellee

NOT FOR PUBLICATION

SUMMARY DISPOSITION ORDER
Recktenwald, C.J., Foley and Leonard, JJ.
This order addresses the appeals in Appellate Nos. 28617, 28618, 28619, 28620, 28621, 28622, 28623, 28624, and 28625, which have been consolidated under No. 28617. Defendant-Appellant Lillian M. Hussein (Hussein) appeals the Amended Judgments, filed on June 1, 2007, in Cr. No. 06-1-0696 (No. 28617), Cr. No. 06-1-2157 (No. 28618), Cr. No. 06-1-2158 (No. 28619), Cr. No. 06-1-2159 (No. 28620), Cr. No. 06-1-2161 (No. 28622), Cr. No. 06-1-2162 (No. 28623), Cr. No. 06-1-2163 (No. 28624), and Cr. No. 06-1-2164 (No. 28625), and the Judgment, filed on April 27, 2007, in Cr. No. 06-1-2160 (No. 28621), in the Circuit Court of the First Circuit (Circuit Court).[1]

I. BACKGROUND
On November 30, 2006, Hussein pled guilty to thirtynine counts under the nine case numbers, as follows: eight counts of identity theft in the second degree (class B felonies); four counts of identity theft in the third degree (class C felonies); fifteen counts of forgery in the second degree (class C felonies); one count of fraudulent use of a credit card (class C felony); seven counts of theft in the second degree (class C felonies); one count of attempted theft in the third degree (misdemeanor); one count of attempted theft in the fourth degree (petty misdemeanor); and two counts of theft in the fourth degree (petty misdemeanor).
On January 31, 2007, the State filed motions for enhanced sentencing, for extended terms, for consecutive terms, and for repeat offender mandatory minimum terms pursuant to Hawaii Revised Statutes (HRS) §§ 706-606.5 (1) (c) (iii) and (iv), 706-662(1) and (4), and 706-668.5. In support of the multiple offender criterion, the State enumerated prior similar convictions (identity theft, forgery and theft) under six case numbers, Cr. Nos. 03-1-2635, 04-1-0567, 04-1-1545, 04-1-1546, 04-1-1547, and 04-1-2080. At the April 27, 2007 sentencing hearing, the Circuit Court denied the State's motion for extended terms, but granted the motions for a consecutive term and for sentencing of Hussein as a repeat offender. The Circuit Court sentenced Hussein to ten years imprisonment, with a mandatory minimum term of ten years as a repeat offender, for each count of identity theft in the second degree. As to each of the class C felonies, the Circuit Court sentenced Hussein to five years imprisonment, with a mandatory minimum term of five years as a repeat offender. The Circuit Court ordered one year terms of imprisonment for the misdemeanors, thirty day terms of imprisonment for the petty misdemeanors, and restitution in the amount of $3,24 9.29. The Circuit Court ordered that all of the above-referenced sentences be served concurrently with each other and consecutive to the time of incarceration Hussein serves in Cr. Nos. 03-1-2635, 04-1-0567, 04-1-1545, 04-1-1546, 04-1-1547, and 04-1-2080.

II. POINTS ON APPEAL
Hussein raises two points of error on appeal:[2] (1) the Circuit Court erred in omitting to consider less than fully consecutive mandatory minimum terms, resulting in an excessive overall sentence; and (2) Hussein was denied effective assistance of sentencing counsel because counsel failed to adequately argue for a strong mitigating circumstances reduction in Hussein's mandatory minimum term and failed to file a motion under Hawai'i Rules of Penal Procedure (HRPP) Rule 35 to add mitigating factors from prison rehabilitation programming.

III. STANDARDS OF REVIEW
"The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Reis, 115 Hawai'i 79, 83, 165 P.3d 980, 984 (2007) (internal quotation marks and citation omitted).
When reviewing a claim of ineffective assistance of counsel, this court looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.
State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks, citations, and footnote omitted).

IV. DISCUSSION

A. Sentencing
Hussein argues that, under HRS § 706-606.5(5), a sentencing court's discretion includes the discretion to run a mandatory minimum sentence consecutive to any sentence imposed on a defendant for a prior conviction, not necessarily the longest sentence being served for prior convictions. We agree. HRS § 706-606.5 (Supp. 2006) provides, in relevant part:
§ 706-606.5. Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of murder in the second degree, any class A felony, any class B felony, or any of the following class C felonies: . . . section 708-831 relating to theft in the second degree; . . .; section 708-83 9.8 relating to identity theft in the third degree;. .; section 708-852 relating to forgery in the second degree; . . ., any class A felony, any class B felony, or any of the class C felony offenses enumerated above and who has a prior conviction or prior convictions for the following felonies, including an attempt to commit the same:. . ., a class B felony, any of the class C felony offenses enumerated above, or any felony conviction of another jurisdiction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
(c) Three or more prior felony convictions:
....
(iii) Where the instant conviction is for a class B felony  ten years; and
(iv) Where the instant conviction is for a class C felony offense enumerated above  five years.
(5) The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction. The court may impose a lesser mandatory minimum period of imprisonment without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. Strong mitigating circumstances shall include, but shall not be limited to the provisions of section 706-621. The court shall provide a written opinion stating its reasons for imposing the lesser sentence.
However, our recognition that, under HRS § 706-606.5(5), a sentencing court may run a mandatory minimum sentence consecutive to a sentence that is shorter than the longest sentence being served for prior convictions does not necessarily lead to the conclusion that the Circuit Court abused its discretion in this case.
In her Opening Brief, Hussein argues, "While well within its discretion in imposing consecutive maximum terms, the court failed to consider less than fully consecutive mandatory minimum terms, authorized by statute, resulting in an excess term of imprisonment under the circumstances." (Format modified.) In other words, Hussein admits that the Circuit Court acted within its discretion and imposed a sentence authorized by law. Hussein argues, nevertheless, that this court should vacate the sentence and remand for reconsideration of the sentence because less than fully consecutive terms could have been imposed and the Circuit Court did not affirmatively state that it considered running Hussein's sentence consecutive to a shorter prior sentence. Hussein also argues, inter alia, that her sentence was too harsh in comparison to others, including sentences for violent crimes, and that her non-violent crime sprees were related to drug addiction. In her Reply Brief, Hussein also argues that the Hawai'i Supreme Court's rationale in its recent decision in State v. Kamana'o, 118 Hawai'i 210, 188 P.3d 724 (2008) (recognizing sentencing court's discretion to run some mandatory minimum sentences consecutively and others concurrently pursuant to an earlier version of HRS § 706-606.5), is supportive of her position.
We conclude that the Circuit Court did not abuse its discretion in sentencing Hussein. As acknowledged by Hussein, "mitigating factors," including Hussein's remorse and taking responsibility for her actions, were argued at the sentencing hearing. Some of Hussein's victims also testified as to the impact of her crimes. The pre-sentencing report referenced in Hussein's Opening Brief  which the Circuit Court stated that it considered  referenced the substance abuse and treatment issues raised by Hussein on this appeal. Although the Circuit Court did not specifically state that it was aware of a less severe option, the Circuit Court clearly indicated its awareness that the impact of the consecutive sentencing would be for Hussein to serve a twenty year term of imprisonment. Absent clear evidence to contrary  which is not argued here  we presume that the sentencing court considered all of the statutory criteria before imposing concurrent or consecutive sentences. State v. Tauiliili, 96 Hawai'i 195, 199-200, 29 P.3d 914, 918-19 (2001). We do not adopt Hussein's expansive reading of Kamana'o to mandate remand in this case. We decline to adopt a new rule requiring a sentencing court to specifically state that it considered less than fully consecutive sentences. We conclude that, although the Circuit Court could have imposed a less harsh sentence in this case, the Circuit Court's sentencing decision did not clearly exceed the bounds of reason or disregard rules or principles of law or practice to the substantial detriment of Hussein.

B. Ineffective Assistance of Counsel
Hussein claims she received ineffective assistance of counsel because her prior defense counsel failed to state additional "strong mitigating factors" before sentencing and failed to file a Motion for Reduced Sentence after sentencing, pursuant to HRPP Rule 35.
At the sentencing hearing on April 27, 2007, Hussein addressed the court and stated "I have no excuse for what I have done and I'm taking full responsibility for my action. . . . I'm just asking for a fair sentence and I know whatever you give me will be fair." Hussein's (prior) defense counsel argued that there were mitigating circumstances which should reduce her sentence within the context and in harmony with Hussein taking full responsibility for her actions. We conclude that, notwithstanding the fact that counsel did not file a written sentencing memorandum and Hussein now submits that counsel could have better argued the mitigating circumstances, Hussein's counsel's assistance was within the range of competence demanded of attorneys in criminal cases. State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003). Therefore, Hussein was not provided with ineffective assistance of counsel.
Finally, we note that in Shraiar v. United States, 736 F. 2d 817 (1st Cir. 1984), a defendant claimed that counsel failed to file a motion for reduction of his sentence, pursuant to Federal Rules of Criminal Procedure 35(b).[3] 736 F.2d at 818. The court in Shraiar stated:
The rule does not suggest that a motion should be filed automatically in every case. To the contrary, the Advisory Committee's note indicates that such a motion would normally be accompanied by "evidence, information, and argument to support a reduction in sentence." No court has held that failure to file such a motion automatically constitutes ineffective assistance of counsel.
Id. We reject Hussein's argument that defense counsel's failure to file an HRPP Rule 3 5 motion to develop additional mitigating factors rendered counsel's representation constitutionally ineffective in this case.

V. CONCLUSION
For these reasons, we affirm the Circuit Court's Amended Judgments, filed on June 1, 2007, in Cr. No. 06-1-0696, Cr. No. 06-1-2157, Cr. No. 06-1-2158, Cr. No. 06-1-2159, Cr. No. 06-1-2161, Cr. No. 06-1-2162, Cr. No. 06-1-2163, and Cr. No. 06-1-2164, and the Judgment, filed on April 27, 2007, in Cr. No. 06-1-2160.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.
[2] In her Reply Memorandum, Hussein concedes that a third point of error, although raised in her Opening Brief, was not well-founded. We deem this point of error waived.
[3] Fed. R. Crim. P. 35(b) is similar to a Motion for Reduced Sentence under HRPP Rule 35(b) except the federal rule provides 120 days to file the motion, whereas the Hawai'i rule provides 90 days.