Jose M. CARABALLO–TORRES, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil No. 10–2085 (DRD).
Criminal No. 08–0204 (DRD).

United States District Court, D. Puerto Rico.

July 13, 2012.

---

Jose M. Caraballo–Torres, FCI Miami, Miami, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Petitioner Jose M. Caraballo–Torres was indicted for being a leader of a drug trafficking organization which included at least one hundred eleven (111) members. Petitioner acted as leader of at least five other individuals by accepting a four point enhancement (08–cr–204, Docket No. 4429, page 25). The organization distributed drugs in the Municipalities of Juana Diaz and Ponce for over five years and distributed over 4.5 kilograms of cocaine base a month (08–cr–204, Docket No. 4430, page 9). The main drug distribution point for this conspiracy was Ernesto Ramos Antonini Public Housing Project, which contains a public school within its boundaries. (08–cr–204, Docket No. 4429, page 25).[1]

Petitioner and the Government reached and executed a plea agreement (Docket Nos. 1958 and 1959) whereby Petitioner would plead guilty as to Counts 1 and 6 and the remaining charged counts would be dismissed.[2] The plea agreement further contemplates that Government would

1. Petitioner was not sentenced on the basis of crack cocaine but instead was sentenced on the much lower level of cocaine. Petitioner specifically accepted that he was responsible for at least five kilos of cocaine, but not more than fifteen kilos, for a base level of 32; plus a two point increase for possessing narcotics within a protected area, which is a public or private school; as well as a four point increase for his leadership role for supervising other participants within the conspiracy. (08–cr–204, Docket No. 4429, pages 10–11); *see also* the plea agreement (Docket No. 1958, pages 6 and 10) where Petitioner accepted that he was responsible for five kilos of cocaine but not more than fifteen kilos.

2. Count One charged Petitioner with a conspiracy to possess and distribute controlled substances in excess of fifty (50) grams of cocaine base; one (1) kilogram of heroin; and/or in excess of five (5) kilograms of cocaine; and/or in excess of 100 kilograms of marijuana; within one thousand (1,000) feet of a protected location, in violation of 21 U.S.C. § 841(b)(1)(A), 846, and 860. Count Six charged possession of firearms in relation with a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(*o* ).

recommend a total term of imprisonment of 210 months as to Count 1 and that Petitioner would recommend a term of 180 months; the parties also agreed to recommend a term of 180 months as to Count 6 to run concurrently with the term imposed for Count 1.

On October 29, 2009, the Court imposed a term of imprisonment of 192 months as to each count, which are to be served concurrently (Docket No. 4430, page 15).

## I. Procedural History

Pending before the Court is Petitioner Jose M. Caraballo–Torres' writ of habeas corpus under 28 U.S.C. § 2255 filed on November 5, 2010 (Docket No. 1). Therein, Petitioner posits that his attorney, Sonia Torres–Pabon, provided ineffective assistance of counsel. Petitioner avers that Attorney Torres–Pabon failed to properly investigate his role in the offense (Docket No. 1, page 5); failed to investigate facts that would warrant a downward departure at sentencing (Docket No. 1, page 5); failed to object to the Presentence Report (Docket No. 1, page 5 and Docket No. 3, page 3); and failed to argue against the four point role enhancement (Docket No. 3, page 3).

On July 1, 2011, the Government opposed Petitioner's § 2255 motion (Docket No. 6). The Government submits that Petitioner's claim are contrary to the record developed in open court at Petitioner's plea colloquy and at sentencing. Further, the Government asserts that Petitioner had ample opportunities to reject the plea agreement, but decided to accept the agreement due to the benefits he derived from it.

On May 7, 2012, the Court directed the Clerk of the Court to refer the instant matter to Magistrate Judge Justo Arenas for his *Report and Recommendation* (Docket No. 7).

On May 17, 2012, Magistrate Judge Arenas submitted a *Report and Recommenda-tion* to the Court (Docket No. 9). The Magistrate Judge determined that Petitioner's assertions of ineffective assistance of counsel were belied by the record and thus recommended that Petitioner's § 2255 motion be denied without an evidentiary hearing. Magistrate Judge Arenas stated:

The defendant, by his own acknowledgment, was the leader of this organization although he now attacks his attorney's not arguing against the same position he adopted as part of the plea agreement, at a time he was under oath. After listening to the prosecutor, petitioner agreed with the statement of that prosecutor who described petitioner as the leader of at least five other individuals at the drug distribution point in question. (Crim. No. 08–204, Docket No. 4429 at 25–26.)

A comparison of petitioner's position in this motion to vacate, and in his actions at the hearings held before the court reflect that there is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness. What the record supports is the conclusion that petitioner now espouses a position completely at loggerheads with a well-negotiated plea agreement, without which he could have been exposed to lengthier sentences, including life imprisonment. . . . Petitioner overlooks the fact that his attorney negotiated a favorable plea agreement with the government, and if one considers what sentence he might have received after trial or after a straight plea. . . . It is clear then that the petitioner was adequately represented by his counsel and that his allegations are meritless.

(Docket No. 9, pages 10–12).

To date, neither Petitioner nor Respondent have filed an opposition to the *Report and Recommendation.*

## II. Referring Dispositive Motions to a U.S. Magistrate Judge

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R.CIV.P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico; *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72(d); FED. R. CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (2009), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(emphasis added).

■ "Absent objection ... [a] district court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *see also Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir.2000); *see also Henley Drilling Co. v. McGee*, 36

F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *see also Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *see also Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a de novo review of an argument never raised"); *see also United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *see also Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

■ In the instant case, neither party filed an opposition to Magistrate Judge Arenas' *Report and Recommendation*. As no objections to the Magistrate's *Report and Recommendation* were filed, the Court, in order to accept the unopposed *Report and Recommendation*, needs only satisfy itself that the *Report and Recommendation* contains no "plain error" on the face of the record. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected-to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected-to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001)("Court reviews [unopposed] Magistrate's *Report and Recommendation* to ascertain whether or not the Magistrate Judge's recommendation was clearly erroneous")(adopting the Advisory Committee

note regarding Fed.R.Civ.P. 72(b)); *see also Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990)("when no objections are filed, the district court need only review the record for plain error").

### III. Analysis

As previously explained, because the Magistrate Judge's *Report and Recommendation* is unopposed, this Court needs only ascertain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the Court finds no such "plain error" and agrees with the Magistrate Judge's conclusions. The Court would have reached the same decision even if the Petitioner had objected to the *Report and Recommendation*. Thus, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 9) to the instant *Opinion and Order*. The Court briefly explains below.

■ The Court wholeheartedly agrees with Magistrate Judge Arenas' determination that Petitioner can not demonstrate that his counsel's performance fell below an objective standard of reasonableness; nor can Petitioner demonstrate that but for counsel's alleged errors, Petitioner would have elected to wait for a better plea agreement or proceeded to trial. Thus, Petitioner fails to satisfy the applicable *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3]

The Court additionally concurs with the Magistrate Judge Arenas' finding that Petitioner's sworn testimony at the plea colloquy hearing on July 21, 2009 (08–cr–204, Docket No. 4429), and at the sentencing hearing held on October 29, 2009 (08–cr–204, Docket No. 4430), conducted by the undersigned, in open court, negates Petitioner's assertions made in his habeas corpus petition. The transcript from the plea colloquy hearing make it abundantly clear that, *inter alia*, Petitioner understood that he was pleading guilty; that he could not withdraw his plea (08–cr–204, Docket No. 4429, page 21); that he had an opportunity to discuss the plea agreement with his counsel prior to the hearing and in fact discussed the consequences of making a plea with her four or five times (08–cr–204, Docket No. 4429, page 5); that his counsel explained the plea agreement to him in his native Spanish language (08–cr–204, Docket No. 4429, pages 8–9); that he understood his attorney's explanations of the nature of the plea agreement (08–cr–204, Docket No. 4429, page 13); and that Petitioner acknowledged that he understood

---

**3.** Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir.1994); *Lema v. U.S.*, 987 F.2d 48, 51 (1993); *López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, — U.S. ——, 132 S.Ct. 1399, 1408–10, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, — U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States*, 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini*, 945 F.2d 458, 468–69 (1st Cir.1991)(abrogated on other grounds by *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)); *cf. Panzardi–Alvarez v. United States*, 879 F.2d 975, 982 (1st Cir.1989); *López–Torres v. United States*, 876 F.2d 4, 5 (1st Cir.1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir.1992)).

the effect and consequence of the waiver of the appeal clause (08–cr–204, Docket No. 4429, page 21).

The Court agrees with the Magistrate that based on these clear assertions in open court, Petitioner may not now partially retract those averments when they are convenient to him. *See Lefkowitz v. Newsome,* 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (" 'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' ") (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)); *United States v. Parrilla–Tirado,* 22 F.3d 368, 373 (1st Cir.1994) ("It is the policy of the law to hold litigants to their assurances . . . . 'we will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so.' ") (quoting *United States v. Pellerito,* 878 F.2d 1535, 1539 (1st Cir.1989)). Petitioner's acceptance of responsibility, under oath, for playing a supervisory role of at least five individuals at the plea colloquy and at sentencing clearly negate Petitioner's claims of ineffective assistance of counsel on the basis of his counsel's failure to object to the Court's four point leadership enhancement at sentencing.

Additionally, "[a] defendant has the burden of proving that he merits a downward adjustment in the offense level." *United States v. Ocasio,* 914 F.2d 330, 332 (1st Cir.1990). Petitioner has not met his burden in the instant matter. The fact that Attorney Torres–Pabon did not request a downward departure does not mean that there was ineffective assistance of counsel at the level of constitutional consequences. Attorney Torres–Pabon's

purported failure to investigate Petitioner's role in the conspiracy, failure to request a downward departure, and failure to object to the Presentence Report, does not rise to the level of constituting a "complete miscarriage of justice" warranting Section 2255 relief. *Mateo v. United States,* 398 F.3d 126, 136 (1st Cir.2005) ("To be cognizable under § 2255, a non-constitutional claim of a legal error must amount to a 'fundamental defect which inherently results in a complete miscarriage of justice.' ") (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). We reach this inescapable conclusion as Petitioner fails to identify what specific downward departure his counsel should have made nor has petitioner specifically identified what objection(s) his counsel should have made to the Presentence Report. Thus, the Court concurs with the Magistrate's assessment that " 'issues adverted to in a perfunctory manner, . . . unaccompanied by some effort at developed argumentation, are deemed waived.' " (Docket No. 9, page 13) (quoting *Nikijuluw v. Gonzales,* 427 F.3d 115, 120 n. 3 (1st Cir.2005)).

Finally, the Court is in agreement with Magistrate Judge Arenas that the instant matter does not necessitate the need to hold an evidentiary hearing as it is apparent from the briefing and the facts of pending controversy that Petitioner is not entitled to the requested relief of vacating, setting aside, or correcting his sentence under § 2255. *See United States v. LaBonte,* 70 F.3d 1396, 1412–1413 (1st Cir. 1995) ("A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and perfervid rhetoric, or if the key factual averments on

which the petition depends are either inherently improbable or contradicted by established facts of record."); *see also* 28 U.S.C. § 2255 (explaining that a hearing is unnecessary when the record "conclusively shows that the prisoner is entitled to no relief").

## IV. Conclusion

■ For the reasons stated above, the Court determines that Magistrate Judge Arenas's *Report and Recommendation* (Docket No. 9) contains an apt and thoughtful analysis that is devoid of plain error.[4] Consequently, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 9) to the instant *Opinion and Order.*

Petitioner's motion under 28 U.S.C. § 2255 is hereby **DENIED** without the need for an evidentiary hearing as the Court has concluded that Petitioner does not satisfy the applicable *Strickland* test for ineffective assistance of counsel as Petitioner knowingly entered into a plea agreement following ample discussion and warnings as to the consequences of doing so. The Court further denies a certificate of appealability in the instant matter. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2008, petitioner Jose M. Caraballo–Torres and 110 other defendants were charged in a seven-count in-

dictment. Count One charged petitioner in that he did knowingly and intentionally combine, conspire, confederate and agree with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or distribute controlled substances, that is, in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, and/or in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance, and/or in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, and/or in excess of one hundred (100) pounds of marijuana, a Schedule I Controlled Substance, within 1,000 feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground, as prohibited by 21 U.S.C. §§ 841(a)(1) and 860. All in violation of Title 21 United States Code Section 846. (Criminal 08–0204(DRD), Docket No. 3.) Count Six charged petitioner and 33 other defendants with knowingly and intentionally combining, conspiring, confederating and agreeing with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime as charged in Counts One through Five, as prohibited by Title 18 U.S.C. § 924(c)(1)(A). All in violation of 18 U.S.C. §§ 924(*o*). (*Id.* at 35–37.)

On July 21, 2009, petitioner entered a plea of guilty as a result of a plea agreement. (Criminal 08–204(DRD), Docket No. 1960.) Petitioner was sentenced on

---

**4.** The Court greatly appreciates Magistrate Judge Arenas' particularly thorough and stellar *Report and Recommendation.* Accordingly, the Court need not go further "[w]here, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

October 29, 2009 to 192 months imprisonment. Counts Two through Five of the indictment were dismissed. (Criminal 08–0204(DRD), Docket Nos. 2487, 2494). No notice of appeal was filed.

This matter is before the court on motion filed by on November 5, 2010 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) A memorandum in support of the motion was filed on April 25, 2011. (Docket No. 3). The government filed a response in opposition to the motion on July 1, 2011. (Docket No. 6.)

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

Petitioner claims that he suffered ineffective assistance of counsel since his attorney did not make a timely objection to the Presentence Report. Petitioner also charges defense counsel with not having investigated his role in the offense or the factors warranting a downward departure. Petitioner had asked counsel to object to the leadership role attributed to him and the four-point enhancement given him to increase his Base Offense Level from 32 to 36. He argues that the failure to argue against the enhancement at sentencing was unjustified in light of the fact of petitioner's relevant conduct and participation in the conspiracy. (Docket No. 3 at 3). Petitioner engages in a sentencing guidelines analysis emphasizing that he did not play the role of leader or of organizer of the enterprise. He requests an evidentiary hearing to determine if defense counsel was inadequate under the Sixth Amendment for failing to object to the enhancement made pursuant to U.S.S.G. § 3B1.1(a). (Docket No. 3 at 7)

On July 1, 2011, the government filed a response in opposition to the petitioner's memorandum. The government notes that petitioner's argument is perfunctory and should be discarded as undeveloped. It notes that petitioner was the main leader of a drug trafficking organization which distributed over 4.5 kilograms of cocaine base a month. The government details the sentencing factors related in the plea agreement. Petitioner stipulated to being held responsible for at least 5 but less than 15 kilograms of cocaine for a base offense level of 32. See U.S.S.G. § 2D1.1(4). Petitioner stipulated to a 4–level enhancement for a leadership role, and a 3–level reduction for acceptance of responsibility. U.S.S.G. §§ 3B1.1(a), 3E1.1). The applicable sentencing range as stipulated was between 180 to 210 months, with the parties allowed to argue for the upper and lower end of the guideline range. That was based upon a total offense level of 35.

As to Count Six, the parties agreed that a cross reference to U.S.S.G. § 2K2.1(c)(1)(A) was applicable, as well as a base offense level of 38 pursuant to U.S.S.G. § 2X1.1(a). The parties also agreed to a 3–level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1). The total offense level was 35 and the parties stipulated a sentencing range of 180–210 months. Petitioner was sentenced to 192 months imprisonment.

The government argues that petitioner admitted to his role in the offense numerous times during the change of plea. The government quotes defense counsel and petitioner in relation to the 4–point leadership enhancement, and the fact that petitioner then stated to the court that he had analyzed the plea agreement and options with his attorney. He agreed that the terms had been discussed with his attorney. The prosecutor in court refers to the agreement and to petitioner as the leader of a drug trafficking organization operating in the Municipality of Ponce and Juana Diaz, Puerto Rico. Petitioner acknowledged that he was ineligible for the safety

valve provisions because of his leadership role. The government argues that the transcript leaves no room for doubt that petitioner admitted the leadership role that he now attempts to challenge.

### III. ANALYSIS

■■■ Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). Petitioner has sought an evidentiary hearing. It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir. 1984)).

### *Ineffective Assistance of Counsel*

"In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "This inquiry involves a two-part test." *Rosado v. Allen,* 482 F.Supp.2d 94, 101 (D.Mass.2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Id.* (quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 8) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Padilla v.*

*Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052): *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994); *López–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052); *Mattei–Albizu v. United States,* 699 F.Supp.2d 404, 407 (D.P.R.2010). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States,* 78 F.3d at 16 (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. *Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005), *cert. denied,* 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 300 (1998), (citing *Scarpa v. Dubois,* 38 F.3d at 8–9).

In *Hill v. Lockhart* the Supreme Court applied *Strickland's* two-part test to ineffective assistance of counsel claims in the guilty plea context. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the *Hill* Court explained, "[i]n the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffec-

tive performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. 366. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366.

Petitioner argues that consideration of sentencing factors of 18 U.S.C. § 3553(a) would have resulted in a more lenient sentence under an advisory guideline regime. However, the plea agreement was exactly what was negotiated and while petitioner was put on notice that the court was not bound by the plea agreement and the recommendation of the prosecution, he received a sentence within the range bargained for. A review of the sentencing transcript reveals how meticulous the court was in considering sentencing factors under 18 U.S.C. § 3553(a). (Crim. No. 08–204, Docket No. 4430 at 2–8, 10, 12–15).

At the plea hearing held on July 29, 2009, petitioner was placed under oath. (Crim. No. 08–204, Docket No. 4429 at 2.) (change of plea transcript). The judge explained that if petitioner did not understand a question, he could consult with counsel since it was essential to understand each question before it was answered. Petitioner understood that. (Crim. No. 08–204, Docket No. 4429 at 4.) Petitioner was asked if he was satisfied with his attorney, Sonia Torres, and if he had discussed the charges with his attorney. Petitioner answered "Yes" to these questions. (Crim. No. 08–204, Docket No. 4429 at 5.) The court went into the details of Count One and Six. Petitioner agreed that he understood the terms of the plea agreement. He had initialed each page of the plea agreement and signed the same. (Crim. No. 08–204, Docket No. 4429 at 9.)

The defense attorney outlined the details of the plea agreement and the salient

factors reflecting the extent of the enterprise, and in which enterprise petitioner held a leadership role. (Crim. No. 08–204, Docket No. 4429 at 10.) The defendant, by his own acknowledgment, was the leader of this organization although he now attacks his attorney's not arguing against the same position he adopted as part of the plea agreement, at a time he was under oath. After listening to the prosecutor, petitioner agreed with the statement of that prosecutor who described petitioner as the leader of at least five other individuals at the drug distribution point in question. (Crim. No. 08–204, Docket No. 4429 at 25–26.)

A comparison of petitioner's position in this motion to vacate, and in his actions at the hearings held before the court reflect that there is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness. What the record supports is the conclusion that petitioner now espouses a position completely at loggerheads with a well-negotiated plea agreement, without which he could have been exposed to lengthier sentences, including life imprisonment.

■ "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)); *see Nieves–Ramos v. United States*, 430 F.Supp.2d 38, 43 (D.P.R.2006); *Caraballo Terán v. United States*, 975 F.Supp. 129, 134 (D.P.R.1997). A review of the change of plea transcript and sentencing hearing transcripts reveals that defense counsel argued for the lower end of the applicable guideline range after petitioner had addressed the court by letter, basically asking it to temper justice with mercy.

Petitioner overlooks the fact that his attorney negotiated a favorable plea agreement with the government, and if one considers what sentence he might have received after trial or after a straight plea.

■ It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla–Tirado*, 22 F.3d 368, 373 (1st Cir. 1994) (quoting *United States v. Pellerito*, 878 F.2d 1535, 1539 (1st Cir.1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." *Torres–Quiles v. United States*, 379 F.Supp.2d 241, 248–49 (D.P.R.2005) (citing *United States v. Marrero–Rivera*, 124 F.3d 342, 349 (1st Cir.1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements ... unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *United States v. Butt*, 731 F.2d at 80 (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975)). Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689, 104 S.Ct.

2052. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight...." *Id.*

██ In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record ... and to the extent that they are merely conclusions rather than statements of fact.'" *Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir.1974) (quoting *Domenica v. United States,* 292 F.2d 483, 484 (1st Cir.1961)).

It is clear then that the petitioner was adequately represented by his counsel and that his allegations are meritless. To say more on this point would be to "paint the lily". Shakespeare, *King John,* act 4, sc. 2; *see e.g. United States v. Rodriguez–Velez,* 597 F.3d 32, 40 (1st Cir.2010).

### III. CONCLUSION

Petitioner has not satisfied the first prong of *Strickland.* The arguably inadequate and poor performance of his attorney in relation to the investigation and enhancement issues did not contribute to the ultimate outcome of the criminal case. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment. Furthermore, as alluded to by the government, it is a settled rule that "issues adverted to in a perfunctory manner, ... unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales,* 427 F.3d 115, 120 n. 3 (1st Cir. 2005); *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990). Petitioner's argument is wholly undeveloped and unsubstantiated.

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

May 17, 2012.